GEORGE A. HOAGLAND, APPELLANT, V. MERRICK COUNTY ET AL., APPELLEES.

FILED MARCH 5, 1908. No. 15,104.

Taxation: ASSESSMENT. For the purpose of arriving at his net credits required to be listed for assessment and taxation, a taxpayer is not permitted to deduct from his gross credits an alleged item of indebtedness that exists merely as a convenience in bookkeeping, and of which he is both payer and payee. It is only a *bona fide* indebtedness to another that he may deduct.

APPEAL from the district court for Merrick county: JAMES G. REEDER, JUDGE. *Affirmed.*

*Patterson & Patterson* and *Warren Switzler,* for appellant.

*Elmer E. Ross, contra.*

GOOD, C.

George A. Hoagland appealed from an order of the board of equalization of Merrick County refusing to allow an item of alleged indebtedness as an offset against the items of credits in his assessment roll. In the district court a general demurrer was sustained to his petition, and his action dismissed. From this judgment he has appealed to this court.

In his petition the appellant alleged that he was engaged in the wholesale and retail lumber business in Omaha, and that he owned a branch lumber yard at Central City, in Merrick county, the business at that point being in charge of an agent. The agent, in listing for assessment for taxation appellant's property in Central City, included, as credits, notes and book accounts aggregating $4,243. It appears that it was the practice of the appellant in shipping lumber from his wholesale yard to his retail yard to charge the value thereof against the Central City yard. The items of lumber shipped would appear upon the books in Omaha as bills receivable, and upon the books at the branch yard at Central City as bills payable, and at the time of the assessment this item amounted to $6,872. He asked to have this set off as against the items of credits, on the theory that it was an indebtedness owing by him, and that only the net credits were assessable in Merrick county. The result, if his contention had been sustained, would have been to eliminate entirely the items of credits, as this debit item amounted to more than his credit items. The word credit, as appearing in section 10427, Ann. St., has been construed by

this court in *Lancaster County v. McDonald,* 73 Neb. 453, and there held to mean net credits, and that the indebtedness of the taxpayer may be deducted from the gross credits to find the true value of the credits for assessment. In *State v. Fleming,* 70 Neb. 523, it is held that the taxpayer making a return of his taxable property for assessment may deduct from the credits due him all just debts owing by him at the time of such return. The holding in *State v. Fleming* is reaffirmed in *Lancaster County v. McDonald.* Under the rule here announced it is clear that any just debts owing by Hoagland at the time the return in question was made, provided the same arose out of, or were connected with, the lumber yard at Central City, should have been set off against the items of credits. But from his own statement it does not appear that it was a debt owing by Hoagland. A *bona fide* debt is one that is owing to another—one that could be enforced in a court of justice. In this case Hoagland was the owner of the wholesale yard in Omaha and the owner of the retail yard at Central City. The item of indebtedness, therefore, would be from Hoagland, retailer, to Hoagland, wholesaler. But it is the same Hoagland in each case. The item of debt in this case is simply a fiction that existed only as a matter of convenience in bookkeeping. It was not a *bona fide* indebtedness, and he was not entitled to have it deducted from the items of credits.

It is alleged, and vigorously urged, that appellant is entiled to the offset for the reason that he had listed for taxation in Douglas county the item of $6,872, which he carried on his books in Omaha as a credit item, and that the effect of the ruling here will be double taxation. It is perfectly clear that Mr. Hoagland was not required to list in Douglas county as an item of credit that which was due to himself from himself. The item of credit in Douglas county, like the item of debit in Merrick county, was a fiction. That he erroneously listed for taxation a fictitious credit in Douglas county is no reason for permitting him to set off a fictitious debt against his real credits in

Merrick county. It appears that he has not resorted to the proper county to obtain relief. He should have applied for relief in Douglas county, and not in Merrick county.

Some contention is made in the brief that the items of credits were not taxable in Merrick county, because section 10428, Ann. St., requires the personal property to be listed and assessed in the county where the owner resides, except property having a local situs, like grain elevators, lumber yards, and any established business, which shall be listed and assessed at the place of such situs. It is contended that under this provision of the revenue law the situs of the items of credits was the residence of the taxpayer, and that, Hoagland's residence being in Douglas county, the credits were not taxable in Merrick county. It will be observed that in the exceptions are grain elevators, lumber yards, and any established business. It might be contended that the exceptions, lumber yards and any established business, would include not only all the tangible property connected with the lumber yard or with the established business, but that all book accounts and notes arising out of such business should be included and returned to the assessor at the situs of the lumber yard or of the established business. But we do not find it necessary to determine this question at this time, as the appellant voluntarily listed the items of credits, and the only complaint that he made before the board of equalization or in the district court was of the refusal to permit an offset of the fictitious debit item referred to. He has not, therefore, properly brought before this court for review the question as to whether the credit items referred to should have been listed for taxation in Merrick county.

The judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.