Jones, J.
 

 This was an action in injunction seeking to restrain the county treasurer from collecting increases in the valuation of separately owned coal lands certified to the county auditor by the tax commission of Ohio. The suit was begun in the court of common pleas and appealed to the Court of Appeals, which determined that the
 
 *161
 
 separately owned coal tracts, increased by the state tax commission, were on the tax duplicate at more than their true value in money.
 

 The questions presented for our determination are (1) whether the defendant in error, after such increases of valuation were made, had full, complete and adequate administrative remedies provided by statute for the revision or correction of such increased valuations, and (2) if he had, whether he could avail himself of the injunctive remedy provided by Section 12075, General Code, by a suit to enjoin the collection of illegal taxes, as therein provided.
 

 Many of the questions now presented in this case were formerly decided in
 
 Hammond, Treas.,
 
 v.
 
 Winder,
 
 100 Ohio St., 433, 126 N. E., 409, 24 A. L. R., 318. This court there determined that the tax commission had acted in full compliance with Sections 5612 to 5616, inclusive, General Code, in its determination of tax valuations and in its certification thereof to the county auditor; that under the provisions of those sections the commission had acted not' with reference to particular parcels of property in a taxing district but with reference to the aggregate values of the class of property, to wit, separately owned coal. It was also determined by this court that in so acting no notice was required to be given of such action, and that the proceedings of the commission were valid.
 

 We are again confronted with the question whether the defendant in error could have obtained administrative relief for the correction of the increased valuations by an application to the
 
 *162
 
 officers and boards created by tbe statute for tnat purpose. We are of the opinion that a full and complete administrative remedy was thus granted and that, if relief were denied, judicial relief could have been obtained; and in both tribunals, administrative and judicial, the question whether particular parcels of property were on at more than their true value in money could have been determined and decided.
 

 When the state tax commission, acting under the sections named, certified its valuations to the county auditor, these valuations were placed upon specific parcels of property. When so placed upon the duplicate by the county auditor, the taxpayer was confronted with valuations made on specific tracts of coal. Previously the tax commission had dealt with classes of property and aggregate values. After its certification, the county auditor was empowered to deal with reference to specific parcels. Any taxpayer could then file his complaint with the county auditor as to valuations assessed against specific tracts of coal. There is no doubt that had such complaint been made and it had been determined that a tract of separately owned coal was valueless, or that there was no coal underlying the tract, or that the coal had been wholly mined therefrom, proper correction of valuation could have been made.
 

 Under the provisions of ¡Sections 5609 and 5610, General Code (107 O. L., 43, 44), the taxpayer is authorized to file his complaint before the time limited for payment of taxes for the first half year, which may be heard and determined by the board of revision, and an appeal taken to the state
 
 *163
 
 tax commission from the board’s decision. These various sections of the General Code to which we have alluded furnish administrative remedies for the correction of any valuations placed upon the duplicate by the county auditor, including valuations that result from the decision of the tax commission acting under authority of Section 5613. General Code.
 

 Having been afforded full and complete administrative remedies for the revision or correction of errors in valuations in his property, and having failed to pursue these remedies, can a taxpayer avail himself of the- injunctive remedy provided in Section 12075, General Code? This court has been definitely committed to a negative answer to that question.
 
 Hammond
 
 v.
 
 Winder, supra,
 
 was decided by this court on December 23, 1919. Since that time this court has twice decided that a taxpayer cannot enjoin an assessment under the provisions of Section 12075, General Code, where he has not employed and pursued statutory remedies given him, if those remedies may afford him adequate and complete relief.
 
 Bashore
 
 v.
 
 Brown, Treas.,
 
 108 Ohio St., 18, 140 N. E., 489;
 
 City of Cuyahoga Falls
 
 v.
 
 Beck,
 
 110 Ohio St., 82, 143 N. E., 661. The principles announced in those two eases are generally adhered to by the state and federal courts. The federal cases supporting the principle are
 
 Keokuk & Hamilton Bridge Co.
 
 v.
 
 Salm,
 
 258 U. S., 122, 42 S. Ct., 207, 66 L. Ed., 496;
 
 First National Bank of Greeley
 
 v.
 
 Board of County Commissioners,
 
 264 U S., 450, 44 S. Ct., 385, 68 L. Ed., 784, decided April 7, 1924;
 
 Gorham Mfg. Co.
 
 v.
 
 State Tax Commission of N. Y.,
 
 265
 
 *164
 
 U. S., 265, 45 S. Ct., 80, 69 L. Ed., 43, decided November 17, 1924.
 

 The
 
 Keokuk Bridge Co. case
 
 held that equitable relief based upon discriminating overvaluation cannot be obtained where the state law affords ample opportunity to question the amount of the assessment before administrative tribunals. In the
 
 Bank of Greeley case
 
 Mr. Justice Sutherland delivering the opinion alluded to the fact that “the banks of Weld county were assessed and compelled to pay upon a valuation grossly in excess of that put upon other property in the same county and likewise in excess of that put upon other banks in other counties of the state.”
 

 It appears from the opinion that the complainant did not apply to any of the taxing authorities to reduce the assessment or correct the alleged inequalities. Speaking for the court, Mr. Justice Sutherland further said:
 

 “We are met at the threshold of our consideration of the case with the contention that the plaintiff did not exhaust its remedies before the administrative boards and consequently cannot be heard by a judicial tribunal to assert the invalidity of the tax. We are of opinion that this contention must be upheld.”
 

 In the
 
 Gorham Mfg. Co. case
 
 Mr. Justice Sanford said that without reference to constitutional questions the federal court was of the opinion that the bill to enjoin “was properly dismissed by the District Court because of the failure of the company to avail itself of the administrative remedy provided by the statute for the revision and correction of the tax. A taxpayer who does
 
 *165
 
 not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to.assert its invalidity.” In support of this principle the justice cites several federal cases.
 

 In the present case there was a full and complete remedy provided by statute for the correction of these increased valuations by administrative boards.
 

 We are clearly of the opinion that a taxpayer should have pursued these remedies. Failing to do so, he cannot avail himself of the injunctive remedy provided in Section 12075, General Code. He is not in position to avail himself of the equitable powers of a chancery court. This court is of the opinion that the demurrer of the plaintiff in error to the petition as amended and supplemented should have been sustained, and that plaintiff in error was entitled to judgment upon the pleadings.
 

 The judgment of the Court of Appeals is reversed, and, proceeding to render the judgment that court should have rendered, judgment will be rendered in favor of the plaintiff in error.
 

 Judgment reversed, and judgment for plaintiff in error.
 

 Judgment reversed.
 

 Matthias, Day, Allen and Kinkade, JJ., concur.