*40
 
 Jones, J.
 

 In treating the itemized report of the bank, the auditor, boards, and lower courts dealt in round numbers. The items of capital stock, surplus, and undivided profits were considered by them as aggregating substantially $1,549,500, and the real estate item in the resources at $266,570. It is conceded that the value of the real estate on the duplicate was $181,930.
 

 Under our tax laws bank shares of stockholders are required to be listed at their true value in money. These taxes must be paid by the bank to the county treasurer. It is conceded that the value of the stockholders ’ shares in the 'Commercial National Bank is represented by the aggregate sum comprised of the capital stock, surplus, and undivided profits. The county auditor, in arriving at the value of those shares, deducted from this aggregate, shown on the bank books to be $1,549,540, the value of the real estate assessed on the duplicate, viz., $181,930, leaving a balance of $1,367,610, which he fixed as the value of the shares for taxation. The bank claimed, and its claim was allowed by the tax commission and approved by the Court of Appeals, that its capital and accumulations, aggregating $1,549,500, included therein an item of $266,570, representing the valuation of its real estate; that, since this sum exceeded the duplicate value by $84,640, the latter should be deducted from said aggregate amount, which would leave the sum of $1,464,860; that, since the latter sum still included the duplicate value of the real estate, that value, amounting to $181,930, should be deducted, leaving for taxation the sum of $1,282,930, the amount fixed by the tax commission.
 

 Stating this claim in another form, the conten
 
 *41
 
 tion that the tax commission upheld was, in effect, that the book value of the real estate contained in the resources should be disregarded in fixing the value of the shares, and that the duplicate value of the real estate only should be considered; that, if this course be pursued, Section 5412, General Code, will be fully complied with.
 

 Thus:
 

 Total aggregate shown by the books $1,549,500.00
 

 Deduct book value of real estate........ 266,570.00
 

 Value of shares .................................... $1,282,930.00
 

 Adding to this sum the duplicate value of the real estate.................... 181,930.00
 

 $1,464,860.00
 

 The last total is the amount which the tax commission found represented the value of the shares with duplicate value of the real estate included; and by deducting therefrom the duplicate value assessed against the real estate there would be left a balance of $1,282,930 for taxation on the shares.
 

 Section 5411, General Code, provides that bank cashiers shall furnish to the county auditor annual reports exhibiting the resources and liabilities of the bank, with a statement of the names and residences of the stockholders, together with the number of shares held by each.
 

 Section 5412, General Code, provides:
 

 “Upon receiving such report the county auditor shall fix the total value of the shares of such banks # * according to their true value in money, and deduct from the aggregate sum so found * * * the value of the real estate included in
 
 *42
 
 the statement of resources as it stands on the duplicate.”
 

 Notwithstanding the fact that the county auditor had in his possession the duplicate disclosing the assessed value of the real estate in question, he proceeded upon the assumption, and without proof, that the book value represented the real estate at its true value in money. This real estate was assessed by the proper taxing officials in the sum of $181,930. Having been so assessed, until changed by legal procedure that valuation was conclusive, not only upon the bank, its owner, but upon the county auditor as well. If the assessed value was not its real or true value in money, procedure under the taxing statutes requires that it be changed in a separate proceeding, wherein the owner has notice thereof. An item of real estate valuation appearing on the books of the company does not necessarily represent its true value ini money. Since its acquisition, the real estate may have appreciated or depreciated in value. Or, as frequently happens in the business of these institutions, the bank may from time to time gradually charge off a part of the item ■ on its books representing the value of the real estate. In the latter event, counsel for plaintiff in error concede in their brief that if a bank should carry its banking site upon its books at the valuation of $1 it would be the duty of the county auditor to investigate that item; and that in such event he should consider the duplicate valuation and not its book valuation. This was the holding made by a Court of Appeals in this state, and subsequently followed by the tax commission. In its printed notice to banks the tax commission attaches this notice:
 

 
 *43
 
 “Note: When the duplicate value exceeds the book value, add the difference. When less, deduct.”
 

 We are unable to see how the state can contend that a book value, exceeding the duplicate value, would represent the real estate at its true value in money, when it concedes that, if it appears to be less than the duplicate value, the duplicate would be resorted to in order to ascertain its true value.
 

 Authorities elsewhere are not helpful, since we are required to construe our own statutes upon this subject. Section 5412, General Code,, provides that from the aggregate sum constituting the value of the shares “the value of the real estate included in the statement of resources as it stands on the duplicate” should be deducted. This clause is somewhat confusing, since the value as it stands on the duplicate may or may not be included in the statement of resources. Since we cannot believe that it was the legislative purpose to attach various values upon assessed real estate, we are of the opinion that, in fixing the value of bank shares under the provisions of Section 5412, General Code, the county auditor should disregard the value of real estate appearing on the books of the bank and fix the value thereof as assessed on the tax duplicate. From the aggregate sum thus obtained the value of the real estate as it stands on the duplicate should be deducted. The purpose of said section is the ascertainment of the value of the shares without regard to book value of real estate, which has been made a separate subject- for taxation under o-ur tax laws.
 

 The plaintiff in error contends that Section 5412, General Code, applies only to the taxation of
 
 *44
 
 shares; that the bank pays taxes on its real estate as assessed, and that taxation on the shares of stockholders may be fixed independent of the duplicate value of the real estate.
 

 Section 3, Article XII of the Constitution of Ohio, provides that “all property employed in banking shall always bear a burden of taxation equal to that imposed on the property of individuals.”
 

 Whether under this provision the Legislature, in determining the value of the bank shares, could ignore the duplicate valuation, whereby the real estate of individuals is taxed, and impose a greater value upon like property employed in banking, it is unnecessary to determine, since the construction we give to the cognate statutory sections clearly indicates that only the assessed or duplicate value of such real estate should be considered in arriving at the value of the shares under Section 5412, General Code.
 

 Section 5409, General Code, provides that “the real estate of a bank * * * shall be taxed *
 
 * '*
 
 in like manner as the real estate of persons is taxed.”
 

 The plaintiff in error claims that neither this, nor Section 5412, General 'Code, applies when shares are taxed. We think this contention untenable and completely refuted by the consideration of the various sections of the banking act, which are
 
 m pari materia
 
 and substantially the same as when adopted on April 16, 1867, 64 O. L., 204, Swan
 
 &
 
 Sayler, p. 763. The title of the act was “An act to provide for the taxation of bank shares,” etc. ¡Section 1 of the act, as now, requires all shares of stockholders to be listed at
 
 *45
 
 their true value in money. Section 2 of the act, as now, provides that the real estate of such bank must be taxed the same as real estate of individuals, while Section 5 of the act corresponds with Section 5412, General Code, as it now exists. The Legislature under this act, as disclosed by the title, was dealing with the value of “the shares of the stockholders,” while Section 2 of the act, immediately following, provided in effect that in ascertaining their true value in money the real estate should be taxed the same as that of individuals. 1 ■ i ¡
 
 ij
 

 It is impossible to escape the conclusion that under the act as originally passed, which is substantially the same as that found in our present law, the county auditor is required to regard the duplicate value only in ascertaining the value of bank shares.
 

 The judgment of the Court of Appeals, sustaining the finding of the Tax Commission in fixing the value of the shares of stock at $1,282,930, as their true value in money, is hereby affirmed.
 

 We deem it unnecessary to modify its judgment, for the reason that it may be conceded that the last clause found in the journal entry of the Court of Appeals was inadvertently made.
 

 Judgment affirmed.
 

 Marshall, Cf. J., Matthias, Day, Kinkade and Robinson, JJ., concur.
 

 Allen, J., dissents.