No. 380

CONKLE v. BELLEVUE (City)

Ohio Appeals, 6th Dist., Sandusky Co.

No. 165. Decided Feb. 15, 1926

103. ASSESSMENTS—Sections 3848 and 3895 GC. apply to assessments by the foot front method, and failure to file objections in compliance with 3848 GC. deprives property owner of injunctive remedy (639) provided by 12075 GC.

WILLIAMS, J.

This case came up on appeal from the Sandusky Common Pleas as an action to enjoin the collection of a street paving assessment made the foot front method under 3812 GC. The action was instituted by Harley Conkle against the city of Bellevue.

The one question involved is whether Conkle waived the right to question the assessment by not filing his objection as provided in 3848

GC. within two weeks after the expiration of the notice required by 3848 GC. Conkle claimed that these sections apply only to assessments made according to benefits accruing to the property owner under 3812 GC. The Court of Appeals held:

1. Where a full and complete remedy through administrative boards is provided by statute for correction of improper valuations, the owner must pursue such remedy; and in the event of his failure to do so, he cannot avail himself of the injunction remedy provided by 12075 GC. (112 OS. 158.)

2. Section 3895 GC. in the last codification, was amended by substituting the words, "before adopting an assessment made as provided in this chapter" for the words, "before adopting the assessment so made."

3. It is clear from the words used that a substantive change was intended and that notice under 3895 GC. includes assessments by the foot front method, even though the change was made by the codification commission.

4. Sections 3848 and 3895 GC. apply to an assessment by the foot front method, and Conkle did not file objections under 3848 GC., and can not now avail himself of the remedy by injunction.

Conkle's petition dismissed.

Attorneys—Allan G. Aigler for Conkle; Kenneth P. Fox, for City; both of Bellevue.