Jones, J.,
 

 dissenting. The decision of this court upon this subject will bring about great confusion. We have ample proof of that fact, since the Court of Appeals, in the instant case, denied injunctive relief because of the previous decisions of this court. The appellate court, finding that the taxpayer had full, adequate relief before the tax commission respecting the liability of his property to taxation, under the taxing chapter (Section 5579
 
 ■et seq.,
 
 General Code), said:
 

 .“In short, we are of opinion that this chapter provides or affords to the plaintiff,- full and complete administrative remedies for the corree
 
 *201
 
 tion of the wrong complained of, and having failed to pursue these remedies, he cannot be given the relief of injunction as prayed for herein.
 
 Hammond
 
 v.
 
 Winder,
 
 112 Ohio St., 158 [147 N. E., 94] and eases therein cited.”
 

 It must be conceded that the trustees of the Marsh estate are furnished full, complete, and adequate statutory remedies by filing their complaint with an appeal to the tax commission, and by having a hearing and determination thereof under Sections 5610 and 5611-1, General Code. That this is true is conceded by the majority opinion. Furthermore, the tax commission’s decision is subject to judicial review under Section 5611-2, General Code.
 

 In the case of
 
 Hammond, Treas.,
 
 v.
 
 Winder, Recr.,
 
 112 Ohio St., 158, 147 N. E., 94, this court, finding there was a complete administrative remedy furnished the taxpayer by statute, stated the law thus, as found in the syllabus:
 

 “Such taxpayer must pursue the administrative remedies so provided. Failing to do so, he cannot avail himself of the provisions of Section 12075, General Code, by seeking to enjoin the collection of taxes resulting from the increased valuations.”
 

 This was not the announcement of a new principle, for this court had previously decided that Section 12075, General .Code, could not be invoked where such administrative remedies had been provided.
 
 Bashore
 
 v.
 
 Brown, Treas.,
 
 108 Ohio St., 18, 140 N. E., 489;
 
 City of Cuyahoga Falls
 
 v.
 
 Beck,
 
 110 Ohio St., 82, 143 N. E., 661.
 

 In
 
 Meeker
 
 v.
 
 Scudder,
 
 108 Ohio St., 423, 140 N.
 
 *202
 
 E., 627, this court held, all judges concurring, that, the statutes of Ohio having conferred upon the Ohio state medical board administrative remedies with reference to applicants for a license to practice, or practitioners of, chiropractic, together with the right of appeal to-the court, there being thus provided a full and adequate remedy at law, there was no right to an action in equity by way of injunction to a party who had not exhausted his rights under such appeal.
 

 An effort is made to distinguish the foregoing cases.
 

 It is now held that Section 12075, General Code, gives a concurrent remedy against the levy of an illegal tax, and can be used to challenge its validity.
 

 A challenge to the amount of the tax is a challenge of illegality.
 
 Bashore
 
 v.
 
 Brown, Treas., supra,
 
 was plainly a case urging not only the illegality of the tax or assessment, but impeaching the amount caused by the claimed illegality. So also in the
 
 Cuyahoga Falls case, supra,
 
 there was a denial of power to make the assessment. But that there is no distinction between amount and liability, which is a mere play on words, is disclosed by the statute itself (Section 5611-1, General Code), which empowers the commission not only to determine the “valuation,” but the “liability” as well. That statute reads: “Whenever the tax commission of Ohio determines the valuation, or liability, of property for taxation,” it certifies its action to the taxpayer and the county auditor, which determination, either of liability or amount, may be reversed, vacated, or modified as provided in the section following.
 

 
 *203
 
 Every wrongful valuation of property imports illegality. This is plainly shown in the recently reported case of
 
 Commissioners of Franklin Co.
 
 v.
 
 Commercial Natl. Bank,
 
 113 Ohio St., 37, 148 N. E., 344. In that case the legality of the tax only was involved; the amount .thereof being incidental to the suit. The question of the legality depended upon the construction of Section 5412, General Code. In fixing the valuation of bank shares, the county auditor had fixed the valuation of the real estate at its book value. Complaint was lodged with the board of revision, which adopted the same construction. An appeal waá taken to the tax commission by the bank, which placed the valuation of the real estate at its duplicate and not its book value. Error was taken to the common pleas court, which reversed the tax commission, adopting the theory of the book value. The bank prosecuted error to the Court of Appeals. That court reversed the common pleas court, and sustained the action of the tax commission, fixing the value of the real estate at its duplicate value. That judgment was affirmed; every member of this court concurring in the judgment, except Allen, J. That case decides the principle that there is no difference between the question of the legality of the tax and the amount of the tax. Furthermore, it sanctions the administrative proceedings by which the taxpayer can obtain a full and complete remedy by first appealing to the taxing boards for relief, and thereafter applying to the various courts for a review of the decision of the taxing tribunals.
 

 In substantially every jurisdiction in this country
 
 *204
 
 it has been held that, where full and complete statutory remedies have been provided for the correction of a tax, the taxpayer may not invoke, the extraordinary remedy by way of injunction to test its validity, especially where a judicial review of the determination of the tax commission has been provided. Many of these cases have been cited in
 
 Hammond
 
 v.
 
 Winder, supra,
 
 in addition to those cited from the decisions of the United States Supreme Court.
 

 In the instant case the legal liability of the Marsh foundation, including its right to exemption, was fully established by this court in the case of
 
 Rose Institute
 
 v.
 
 Myers, Treas.,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A., 1916D, 1170.
 

 As shown in the statement of facts, the only question which the commission would have to determine, or which the courts must later, determine, was whether the foundation property during .certain years was or was not used for charitable purposes. It is purely a question of fact, relating to the amount of tax which the foundation should pay. The taxing authorities of this state, including the state tax commission, were created for the purpose of determining those questions, and are peculiarly adapted, in the first instance, to review all questions relating to the taxation of property.
 

 It must be conceded that the action of the tax commission is subject to court review under Section 5611-2, General Code, and the constitutionality of that section has been upheld in the case of
 
 Stanton, Pros. Atty., v. State Tax Commission,
 
 114 Ohio St., 658, 151 N. E., 760, decided only last
 
 *205
 
 month. It is said that Section 12075 gives a remedy concurrent with the remedies contained in Sections 5616, 5611-1, and 5611-2. This court has so often decided that, where legal remedies have been provided, injunction cannot be invoked that it is unnecessary to refer to the many decisions supporting the principle. As stated in 14 Ruling Case ■Law, 341:
 

 “Where there is a choice between the ordinary process of law and the extraordinary remedy by injunction, and the legal remedy is sufficient, an injunction will not be granted.”
 

 The principle announced in this text is supported by a wealth of authorities cited under the text. That has long been the principle adopted in this state, and has been recently re-enforced by the
 
 Bashore,
 
 the
 
 Cuyahoga Falls,
 
 and the
 
 Hammond cases, supra.
 
 The claim of concurrent remedies, in those cases, was denied by this court. In each of them the taxpayer was relegated to his statutory remedies, and the employment of the injunctive remedy provided in Section 12075, General Code, was not permitted.
 

 The majority opinion endeavors to fortify its position by the citation of early state and federal authorities. However, it can readily be seen that these authorities cannot possibly apply at this day, for, since those early decisions were rendered, Ohio has provided full, complete, and adequate administrative remedies wherein a taxpayer may be heard before the various taxing boards, and later before courts provided for a review of their decisions. This is admitted, since the majority
 
 *206
 
 opinion holds that the taxpayer has concurrent remedies, one of which is the right to invoke the jurisdictions of the taxing boards under our tax statutes.
 

 In this case there is no question as to the constitutionality of the law, nor of the fact that the taxpayer had proper notice under the law. Furthermore, not only does a taxpayer have a full and adequate remedy provided by statute, but he also has the right of appeal to the courts under Sections 5611-1 and 5611-2, aforesaid. Since these remedies did not exist at the time the early federal decisions, cited in the majority opinion, were rendered, it may be well to refer to later and more recent decisions of the United States Supreme Court in various cases where adequate administrative remedies were provided.
 

 In
 
 Farncomb
 
 v.
 
 City of Denver,
 
 252 U. S., 7, 40 S. Ct., 271, 64 L. Ed., 424, the Colorado statute had provided for an opportunity to be heard before a board of equalization “respecting the justice and validity of local assessments.” This case challenged the constitutional validity of the Colorado law; it challenged the power to tax in any amount under that law. This was a suit in injunction. Mr. Justice Day, in delivering the opinion of the court, said, at page 11 (40 S. Ct., 273):
 

 “Plaintiffs in error did not avail themselves of the privilege of a hearing as provided by this section, but after the assessing ordinance had been passed began this proceeding in the district court to test the constitutionality of the law. * * * As the plaintiffs in error had an opportunity to be
 
 *207
 
 heard before the board duly constituted by Section 300 [Denver City Charter], they cannot be heard to complain now.”
 

 In the case of
 
 Milheim
 
 v.
 
 Moffat Tunnel Improvement District,
 
 262 U. S., 710, at page 723, 43 S. Ct., 694, 67 L. Ed., 1194, Mr. Justice Sanford said:
 

 “Where a city charter gives property owners an opportunity to be heard before a board respecting the justice and validity of local assessments for proposed public improvements and empowers the board to determine such complaints before the assessments are made, parties who do not avail themselves of such opportunity cannot be heard to complain of such assessments as unconstitutional.”
 

 McGregor
 
 v.
 
 Hogan, Sheriff,
 
 263 U. S., 234, 44 S. Ct., 50, 68 L. Ed., 282, was a suit to enjoin the enforcement of an execution for taxes assessed against McGregor’s property. The Georgia law required a dissatisfied taxpayer to give notice to the board of county tax assessors and to demand an arbitration under the law. The taxpayer, Mc-Gregor, declined to avail himself of the arbitration to which the act entitled him. Mr. Justice Sanford, speaking for the court, said:
 

 “Having thus failed to avail himself of the hearing granted by the act he was properly held by the Supreme Court of Georgia to have no just ground of complaint. Where a city charter gives property owners an opportunity to be heard before a board of assessors with respect to the justice and validity of local assessments for proposed public improvements and empowers the board to determine such complaints before the assessments are made,
 
 *208
 
 parties who do not avail themselves of such opportunity cannot thereafter be heard to complain of such assessments as unconstitutional.”
 

 In the case of
 
 First Nat. Bank of Greeley
 
 v.
 
 Board of County Commrs. of Weld Co.,
 
 264 U. S., 450, 44 S. Ct., 385, 68 L. Ed., 784, the same principle was upheld.
 

 The more recent federal case upon the subject is that of
 
 Gorham Mfg. Co.
 
 v.
 
 State Tax Comm. of N. Y.,
 
 266 U. S., 265, 45 S. Ct., 80, 69 L. Ed., 279. That there is no distinction between the application of this principle to the amount of the tax as well as to its invalidity is shown in the syllabus of that case, which reads as follows:
 

 “A
 
 taxpayer who has not exhausted the remedy provided before an administrative board to secure the correct assessment of a tax will not be heard to assert its invalidity in a suit to' enjoin its collection.”
 

 The New York law is very similar to ours. A state tax commission had been created with power to hear and determine applications for revision of corporate taxes. The New York law provided that the decision of the commission might be reviewed by the Supreme Court of New York, and that an appeal might be taken to the Court of Appeals from the determination of the former court. The suit was one in injunction. Mr. Justice Sanford, after alluding to the fact that the plaintiff company had failed to avail itself of the administrative remedy provided by statute for the revision and correction of the tax, said, in the course of his opinion, at page 269 (45 S. Ct., 81):
 

 
 *209
 
 “A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax cannot thereafter be heard by a judicial tribunal to assert its invalidity. * * * Under these circumstances we think that the Company, having failed to avail itself of the administrative remedy provided by the statute for the correction of the tax, was not entitled to maintain a bill in equity for the purpose of enjoining its collection.”
 

 I have already alluded to the fact that the Ohio tax commission has been given full jurisdiction under Section 5611-1, General Code, to determine “the valuation, or liability, of property for taxation.” In the instant case the only question that the commission had before it was one respecting the liability of the property for taxation. The legal liability and exemptions of charitable institutions had already been settled by our previous decision in
 
 Rose Institute
 
 v.
 
 Myers,
 
 92 Ohio St., 252, 110 N. E., 924, L. R. A., 1916D, 1170. The only question to be determined by the commission was whether this property, during the years mentioned, was actually used for charitable purposes. I do not now claim, nor have I ever, that Section 12075, General Code, was ever repealed. It simply became inoperative in cases where the state law had provided for full and adequate remedies for the relief of the taxpayer before the taxing boards of the state. If such relief is not provided, certainly that section has as much validity as it ever had. Responding to the progress of the times, the Legislature has created a system for taxation re
 
 *210
 
 view, Avith full opportunity, wherein the taxpayer may obtain relief, and has also provided for judicial inquiry into the determination of the state tax commission. If this decision means what I think it does, I fear that it will emasculate important statutory functions of the state commission and leave it
 
 functus officio.
 
 The judgment of the Court of Appeals was right, and should be affirmed.