the commission earned, but upon damages for breach of the contract. That was not the suit presented here, but we do not think, under the circumstances of the case, that even that sort of a suit would be tenable.

Under these circumstances, and under the facts of this record, we do not see how the court below could have entered a judgment against the defendant below. We think it was clearly erroneous and contrary to law, and for that reason the judgment will be reversed, and a final judgment entered for plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

SULLIVAN, P. J., and LEVINE, J., concur.

THE COLUMBIA LIFE INS. CO. *v.* HESS, AUD.

THE FEDERAL UNION LIFE INS. CO. *v.* HESS, AUD.

THE UNION CENTRAL LIFE INS. CO. *v.* HESS, AUD.

THE WESTERN & SOUTHERN LIFE INS. CO. *v.* HESS, AUD.

THE OHIO NATIONAL LIFE INS. CO. *v.* HESS, AUD.

(Decided July 6, 1926.)

*Messrs. Waite, Schindel & Bayless,* for Columbia Life Ins. Co.

*Messrs. Jones, Shook, Morrissey & Terry,* for Federal Union Life Ins. Co.

*Messrs. Maxwell & Ramsey* and *Messrs. Dinsmore & Sawyer,* for Union Central Life Ins. Co.

*Mr. Clyde P. Johnson,* for Western & Southern Life Ins. Co.

*Messrs. Bettinger, Schmitt & Kreis,* for Ohio National Life Ins. Co.

*Mr. Charles S. Bell,* prosecuting attorney, and *Mr. Chester S. Durr,* for defendant.

CUSHING, J. These five causes of action were filed in the court of common pleas of Hamilton county by the Columbia Life Insurance Company, the Union Central Life Insurance Company, the Western & Southern Life Insurance Company, the Ohio National Life Insurance Company, and the Federal Union Life Insurance Company, all corporations under the laws of the state of Ohio, to enjoin the auditor of Hamilton county from changing their tax returns by placing on the tax duplicate the full

amount of mortgages, notes, book accounts, stocks, shares in building and loan companies, and other legal claims or demands or credits, without deducting therefrom the debts or legal *bona fide* debts of said companies, by reason of their outstanding policies in gross.

The same question of law is presented in these different cases. They were argued together, and will be treated as one cause of action in this opinion. The cases were presented on the pleadings and the agreed statements of facts. We shall consider one set of pleadings for all.

Taking the case of the Union Central Life Insurance Company for an example, the petition states that the company is a legal reserve life insurance company and that it filed with the auditor of Hamilton county its return for taxation, at the time specified by law, on the form prescribed by the tax commission of Ohio, showing the amount liable for taxation to be $1,284,131.11, and also showing the full amount of its legal reserve as a debt, according to the statutes governing taxation of life insurance companies, particularly Section 9357, General Code; and the company claims that the defendant, without authority of law, and contrary thereto, will, unless restrained, enter the amount of said legal reserve upon the tax duplicate for the year 1923 for the purposes of taxation; that said act is contrary to law; that the company will be irreparably injured and has no adequate remedy at law, and prays that the auditor be enjoined from entering upon the tax duplicate, for taxation purposes, the amount of said legal reserve for the year 1923, or for any years prior thereto.

The defendant's second amended answer admits his official capacity, that the plaintiff is a life insurance company doing business in the state of Ohio, with its principal offices in Hamilton county, and states that on April 20, 1923, plaintiff filed with him as such auditor upon the form prescribed by the tax commission of Ohio, a return for taxation for that year; that said return disclosed the secured and other claims against other persons and corporations owing by them to the plaintiff on tax listing day, in the amount and cash value of $154,479,095.22; that the unsecured claims of said company were of the cash value of $997,828.48, money on hand and on deposit on that day, subject to demand, $1,259,131.11, and the value of office furniture $25,000; that its tax return contained an item of $163,785,466.10, designated as actual legal *bona fide* debts owed and owing other persons and corporations on tax listing day; and that it attempted to reduce the cash value of taxable assets by deducting said sum from the cash value of secured and unsecured claims.

The defendant denies that all or any part of said sum is, or constitutes, actual legal *bona fide* debts. He states that he intended and was going to enter upon the tax duplicate for said year said sum of $156,751,059.81, being the actual and true value in money, etc., on tax listing day, and would have done so had he not been restrained by the court of common pleas of Hamilton county.

Defendant denies that any part of said sum is deductible as actual legal *bona fide* debts, on the ground that Sections 9357 and 5327, General Code, and all other statutes in so far as they authorize or attempt to authorize said deductions, are unconstitutional

and void, in that they contravene and are contrary to the provisions of Section 2 of Article XII of the Constitution of Ohio; and also that they provide a rule for the taxation of insurance companies different from and not in conformity with the rule for taxation of other companies, organizations, and individuals, and for that reason contravene and are contrary to Section 2 of Article XII of the Constitution of Ohio. And in the following paragraph he states in another form the same objection to said statutes.

The defendant further avers that the plaintiff has neglected, failed, and refused to avail itself of the remedy provided by law for the review of defendant's official acts, and has done nothing to secure relief from said alleged wrongful acts of said defendant, according to the method provided by statute, but has instead attempted to invoke the jurisdiction of a court of equity without first exhausting its legal remedy, and that the plaintiff has a plain, adequate, and complete remedy at law. Defendant then enters a general denial, and prays that a restraining order be refused, and that he go hence without day, and recover his costs.

The reply denies the allegations of the second amended answer.

In the statement of facts it is agreed that plaintiff had in its possession, on January 1, 1923, mortgages, notes, book accounts, stocks or shares in building and loan companies, and other legal claims, demands, or credits, amounting to $155,476,923.70; that under Section 9357, General Code, it deducted $163,785,-466.10, which was the correct amount of its "debts by reason of its outstanding policies in gross;" that the same appears on the face of plaintiff's tax re-

turn for 1923; that plaintiff was served by the county auditor on November 9, 1923, with notice of his contemplated action; that it responded to said notice; that at said meeting it was advised that the sums of these "mortgages, notes, * * * and * * * credits" would be placed on the tax duplicate, without deducting therefrom any sums as debts; that notice was given December 31, 1923, that the auditor would place said sums on the tax duplicate, without deducting therefrom any sums as debts; that on that day said auditor was served with an order of the court of common pleas restraining him from placing said amounts on the tax duplicate, and for that reason only said sums were not placed on the tax duplicate; that plaintiff has not taken any other action or proceeding with reference to said act of the auditor; that the time for paying taxes was extended to January 15, 1924; that the statutes of states other than Ohio may be deemed to be in evidence, subject to their relevancy and competency; and that the companies do business in all the states.

The court of common pleas of Hamilton county enjoined the auditor from correcting said tax returns, and the cause was appealed to this court. A motion was filed to dismiss the appeal, on the ground that this court did not have jurisdiction under Section 6, Article IV, of the Constitution of Ohio, to hear said cause.

The questions for consideration are:

(1) Has this court jurisdiction to hear and determine these causes on appeal?

(2) Have the necessary and proper parties been made defendants in these actions?

(3) Have the companies an adequate remedy at

law under Sections 5609, 5610, 5611-1, 5611-2 and 5611-3, General Code?

(4) Are Sections 9357 and 5327, General Code, unconstitutional, in that they contravene and are contrary to the provisions of Section 2 of Article XII of the Constitution of Ohio?

1. The record brings these cases within the pronouncement in *Manning* v. *Village of Lakewood*, 94 Ohio St., 85, 113 N. E., 661. On authority of that case, we conclude that this court has jurisdiction to hear these causes. The motions to dismiss the appeals will be overruled.

2. The defendant claims that the proper parties have not been made defendants in these actions.

The General Code separates the levying authorities, for taxation purposes, from the collecting authorities.

If the action is to enjoin the legal levy of taxes or assessments, it must be brought against the corporations or persons for whose use or benefit the levy or assessment is made. Section 12076, General Code.

If the action is to enjoin the collection of taxes and assessments, it must be brought against the officer whose duty it is to collect them. Section 12077, General Code.

So that the authorities empowered to levy taxes are distinct from the collecting official. The county treasurer is the collector.

Between the time of the act of levying the tax and the time of its collection, the county auditor is charged with a number of duties. Neither the levying nor the collecting authorities have any part in the acts that must be performed by the county auditor.

Corporations make their returns for taxation under Sections 5404 to 5406, inclusive, General Code.

Section 5406 provides among other things that if the property has not been listed in the location where it properly belongs, or if no return has been made to the county auditor, he must have the property valued and assessed.

The county auditor by Sections 5406, 5399, and other sections of the General Code, is vested with jurisdiction to correct returns for taxation. *Ohio Farmers' Ins. Co.* v. *Hard, Treas.*, 59 Ohio St., 248, 52 N. E., 635. So that his act was separate and distinct from that of the levying and assessing authorities or that of the collecting official.

In these cases the auditor denied the right of plaintiffs to deduct certain accurately stated sums as debts, on the ground that Sections 9357 and 5327 are unconstitutional and void. He admits that if said sections are constitutional his act was illegal, and bases his right to make such corrections on the ground that said sections are unconstitutional.

These actions do not involve either the levy, assessment, or collection of a tax; therefore the parties specified in Sections 12076 and 12077, General Code, were neither necessary nor proper parties to the actions.

It will not be questioned that equity will enjoin an illegal act on the part of an individual holding a state or county office. A suit against an individual for the purpose of preventing him, as such officer, from performing an act contrary to a statute, is not an action against the state or the county, but is against the individual, and he will be enjoined unless the statute in question is unconstitutional. *Smyth* v.

*Ames,* 169 U. S., 466, 518, 18 S. Ct., 418, 42 L. Ed., 819.

3. It is claimed that the parties have an adequate remedy at law.

The board of revision was created, and its jurisdiction defined, by statute. Sections 5609 to 5611-3, inclusive, General Code. It is authorized to hear complaints against valuations or assessments. An appeal may be taken to the tax commission of Ohio, and error prosecuted from that body to the court of common pleas.

The remedy at law related only to valuations and assessments. As we have pointed out, the auditor's act in this case was neither a valuation nor an assessment.

The sections of the Code defining the power of the board of revision limit its authority to a review of valuations and assessments. But if this authority was not so limited, it could not pass on the question in this case. Section 1 of Article IV of the Ohio Constitution vests the judicial power of the state in the courts therein named and authorized. The question for consideration in this case is the constitutionality of Sections 9357 and 5327, General Code. Therefore an administrative board could not be authorized to determine that justiciable question. For that reason, the companies did not have a remedy at law.

4. This brings us to the question of the constitutionality of Sections 9357 and 5327, General Code.

It is claimed that these sections contravene Section 2 of Article XII of the Constitution. The pertinent part of this section of the Constitution is:

"Laws shall be passed, taxing by a uniform rule,

all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and also all real and personal property according to its true value in money."

This constitutional provision is not self-executing. The mandatory provision is that the General Assembly shall pass laws taxing by uniform rule the property therein specified.

Sections 5320 to 5327, inclusive, define "person," "personal tax," "real property," "land," "investment in bonds," "investment in stocks," "personal property," "money" or "moneys," and "credits."

Section 5327 defines credits as "the excess of the sum of all legal claims and demands, whether for money or other valuable thing, or for labor or service due or to become due to the person [liable] to pay taxes thereon, * * * estimating every such claim or demand at its true value in money, over and above the sum of legal *bona fide* debts owing by such person."

The controversy in this case grows out of the language, "over and above the sum of legal *bona fide* debts owing by such person."

Credit, then, is the excess over and above legal *bona fide* debts. The term credit as defined in Section 5327, General Code, does not add anything to or take anything from the word "credits" as used in Section 2 of Article XII of the Constitution, and does not violate that or any other section of the Constitution of Ohio. *Tax Commission* v. *National Malleable Castings Co.*, 111 Ohio St., 117, 144 N. E., 604, 35 A. L. R., 1448.

The remaining question is the constitutionality of Section 9357, General Code.

It is conceded that these companies are Ohio cor-
porations, organized under its laws, and are doing
business in this and other states of this republic, and
are what is known as legal reserve life insurance
companies.

The legislation for the incorporation, supervision,
and control of life insurance companies is, to say
the least, neither concise nor clear. So that we must
look to scattered sections of the Code to ascertain
the intention of the General Assembly as to what is
meant by a reserve, as that term is not specifically
defined.

Section 615 *et seq.*, General Code (103 O. L. 842),
create and regulate the office of the superintendent
of insurance.

Section 628, General Code, imposes a duty upon
said superintendent, in case the reserve falls below
the standard fixed by law, and for that purpose de-
fines reserve.

In authorizing the payment of dividends, Section
9362 directs that, after setting aside an amount equal
to the reserve on all outstanding risks and policies,
etc., dividends may be paid from the surplus.

Section 9357 provides for loans on policies, not
exceeding the reserve, and uses this language:

"Reserve being the amount of debts of life insur-
ance companies by reason of their outstanding poli-
cies in gross, and which may be so treated in the
returns for taxation made by them."

The state has authorized the incorporation of life
insurance companies and specified the character of
policies they shall issue. The statutes provide for
their supervision, and in protecting the policy hold-
ers they have provided that the companies shall

maintain and set aside reserves as the property of, and for the benefit of, the policyholders, and in a manner have stated that to the extent of such reserves the company is a debtor.

Life insurance companies differ materially from all other corporations. They are required to issue paid-up policies of insurance, give extended insurance, lend money to the policyholder to the extent of the reserve, and, on demand, to pay to the insured the cash surrender value of the policy.

A life insurance policy is an express contract, and while the statutes do not specifically define reserve, it has a well-understood and accurately defined meaning. One author defines it thus:

"The reserve is that sum of money which, increased by future interest and future premiums, will be sufficient to pay all the outstanding policies of the company as they mature."

The only difference between Sections 5327 and 9357 is that the former uses the term "legal *bona fide* debts," whereas the latter uses the term "debts." A debt is a sum of money due by certain and express agreement. It originates in, and is founded upon, contract, express or implied. *Tax Commission* v. *Malleable Castings Co., supra.* As we have pointed out, a life insurance policy is an express contract, so that its obligations originate in a contract. The reserve or debt of an insurance company was created by statute, and is therefore legal. As used in this statute, it does not differ from a legal *bona fide* debt. That term has been further defined as a debt owing to another; one that could be enforced in a court of justice. *Hoagland* v. *Merrick County,* 81 Neb., 83, 115 N. W., 537.

The contention of counsel for the defendant, that the provisions of Sections 5327 and 9357 are different, is not tenable, as we conclude that the latter section is not contrary to the provision of Section 2 of Article XII of the Constitution of Ohio.

It is claimed that in 1922 there was a difference between what the Union Central Life Insurance Company should have paid out to policyholders, under the mortality tables, and what it did pay, of $4,000,000, and that the company, in that year, made a profit of $7,000,000. We do not see how that question in any way affects the constitutionality of these sections of the Code. If it is true, as claimed, and if a part or all of both of these funds went into surplus, and were not returned for taxation, that could in no way affect the laws enacted for the creation, regulation, and imposition of duties on insurance companies. If the proper return was not made for taxation in that year, the authorities had power to investigate the good faith of the company in calculating its reserve, and could require it to pay taxes on its credits over and above its debts.

The conclusions are: That the sections of the Code in question are constitutional; that the companies did not have a remedy at law; that this court has jurisdiction to hear and determine the cases; that the act of the auditor was a correction of returns; that if his act violated a statute, it was his personal and not his official act, and that he should be enjoined from refusing to allow the companies to deduct their debts from credits; and that he pay the costs of this action.

*Injunction allowed.*

BUCHWALTER, P. J., concurring. This court in a majority opinion held that the plaintiffs had a full, adequate, and complete remedy at law under Sections 5609, 5610, 5611, *et seq.*, General Code, for the determination of the issues involved, and were therefore not entitled to proceed by way of injunction. This opinion was based on *Hammond, Treas.,* v. *Winder, Rec'r.,* 112 Ohio St., 158, 147 N. E., 94, and *Conn et al., Trustees,* v. *Jones, Treasurer,* decided by the Court of Appeals for Van Wert county, on June 24, 1925. The majority opinion of this court dealt only with the question of procedure, and did not pass on the merits of the cause.

An application was then filed for a rehearing, or, in the alternative for withholding judgment until the Supreme Court of Ohio should render a decision in the *Conn case.* No judgment was entered in view of the fact that the *Conn case* was then pending in the Supreme Court of Ohio, and it was considered that the determination of the questions raised in that case might furnish a guide in the instant case.

The *Conn case* was decided by the Supreme Court of Ohio on June 15, 1926 (115 Ohio St., 186, 152 N. E., 897), and is, I consider, determinative of the right to proceed by way of injunction.

The question involved here is not that there is illegality or injustice in the amount of the assessment, but is as to the power to tax any part of the property in question.

If Sections 5327 and 9357, General Code, are unconstitutional, as claimed by the defendant, then the entire amount is subject to taxation; if constitutional, it is not. By the opinion in the *Conn case,* and the cases therein cited, it is only necessary to

show that the tax about to be assessed or collected is illegal, and is not necessary to show that great or irreparable injury is about to be done. As was said in the opinion in the *Conn case,* page 196 (152 N. E., 899):

"When the question raised is as to the very power to lay the tax, and not as to the valuation of the property, nor as to the amount of the assessment, injunction will lie under Section 12075. That section gives a remedy against the levy of an unauthorized tax concurrent with the remedy contained in Sections 5616, 5611-1, and 5611-2, General Code."

In the cases heretofore relied upon, some part of the tax was legal, but in this case, as in the *Conn case,* the claim is that the entire tax is invalid, because no part of it is authorized by law. Therefore Section 12075, General Code, provides a remedy, and this court has jurisdiction to hear the cause on its merits.

No judgment having been entered, and the cause having been fully presented on its merits, there is no necessity for a rehearing.

Considering the case on its merits, I concur in the opinion of Judge Cushing.

HAMILTON, J., dissenting. I dissent from the majority decision in these cases, for the reason that plaintiffs have a complete and adequate remedy at law through the administrative taxing boards. Being of this conviction, I express no opinion on the merits of the cases.