The University Club Co. *v.* McBride, Treas.

*Taxation—Recovery of taxes illegally assessed—Section 12075, General Code—Complaint before revision board and tax commission prerequisite to taxpayer's action—Sections 5609 and 5610, General Code—Court of Appeals bound by law pronounced by Supreme Court.*

1. Where a taxpayer did not first make complaint to the taxing authorities, under Sections 5609 and 5610, General Code, for overvaluation of property, *held*, that he had no cause of action, under Section 12075, to recover taxes which he claimed had been illegally collected.
2. The rules of law laid down by the Supreme Court are binding on the Court of Appeals.

(Decided May 23, 1927.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Simmons, De Witt & Vilas,* for plaintiff in error.

*Mr. E. C. Stanton,* for defendant in error.

Houck, J. Error is prosecuted to this court from the common pleas court of Cuyahoga county. Suit was brought by the University Club in an action at law for the recovery of taxes claimed to have been illegally collected for the year 1924 on real estate owned by the plaintiff in the city of Cleveland. The action was brought under favor of Section 12075, General Code, which is as follows:

"Common pleas and superior courts may enjoin the illegal levy or collection of taxes and assessments, and entertain actions to recover them back

when collected, without regard to the amount thereof, but no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected.''

The defendant filed a demurrer to the petition upon the ground that the allegations in the petition did not state sufficient facts in law to constitute a cause of action. The trial judge sustained the demurrer, and error is here prosecuted seeking a reversal of the judgment of the lower court. The demurrant relies upon the provisions of Sections 5609 and 5610, General Code of Ohio, which sections provide, as claimed by demurrant, that before plaintiff is entitled to the relief prayed for in the petition such claimant is required to file complaint against any valuation or assessment of property with the taxing officers, which provision, demurrant asserts, is a condition precedent to maintenance of such action at law.

Did the trial judge commit prejudicial error in sustaining the demurrer to the petition of plaintiff? We are of the unanimous opinion that the trial judge did not err in sustaining the demurrer. Learned counsel are familiar with the statutes involved in this case, and therefore it is not necessary to quote same here. We are of the opinion that the case of *Hammond, Treas.,* v. *Winder, Recr.,* 112 Ohio St., 158, 147 N. E., 94, is decisive of the facts and the law raised in the instant case in favor of the defendant in error and against the plaintiff in error. This court is bound to follow the rules of law laid down by our Supreme Court, and under the statement of facts and the allegations contained in the petition, applying the rule of law laid down in the cited case, we reach the con-

clusion that the judgment below is right and must be affirmed.

*Judgment affirmed.*

SHIELDS, P. J., and LEMERT, J., concur.

Judges of the Fifth Appellate District, sitting in place of Judges SULLIVAN, VICKERY and LEVINE, of the Eighth Appellate District.