By the Court.
 

 The principal question of law involved is stated by counsel for plaintiffs, appellants herein, as follows:
 

 “Where a property owner did not avail himself of his statutory remedies, is he barred from seeking to enjoin, under Section 12075 of the General Code, the collection of assessments for the construction of a sanitary sewer, the proceedings for which were properly had and notice given before the improvement was made,
 
 when the circumstances are such that the improvement was not and cannot be of any benefit to his land?”
 
 (Italics ours.)
 

 The Court of Appeals relied upon the case of
 
 City of Cuyahoga Falls,
 
 v.
 
 Beck,
 
 110 Ohio St., 82, 143 N. E., 861, and found that “the appellants and their predecessors in title had due and legal notice of the improvement and tentative assessments in controversy prior to the construction of the improvement and an opportunity to be heard in opposition or defense thereto, comprehending a full, complete and adequate
 
 *516
 
 remedy at law for all the matters complained of in the amended petition herein, under the provisions of the sections of the General'Code of Ohio authorizing said improvement and assessments, of which they failed to avail themselves, and that the said appellants thereby waived the right to question the assessments in a court of equity under the provisions of Section,12075 of the General Code of Ohio.” No finding was made by the Court of Appeals on the question whether the lands of plaintiffs received a benefit from the present sewer construction.
 

 The same fundamental principle, applicable to failure to pursue statutory remedies after notice, was enunciated also in
 
 Bashore
 
 v.
 
 Brown, Treas.,
 
 108 Ohio St., 18, 140 N. E., 489, and
 
 Hammond, Treas.,
 
 v.
 
 Winder, Beer.,
 
 112 Ohio St., 158, 147 N. E., 94.
 

 The facts in the
 
 Falor case, supra,
 
 with reference to notice to the property owner, are readily distinguishable from those of the case at bar inasmuch as notice is here conceded.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Matthias and Hart, JJ., concur.
 

 Williams and Myers, JJ., dissent.