Taft, J.,
concurring. If, as a result of the auditor performing his duty, pursuant to Section 5615, General Code, any property is valued at more than it lawfully should be, a taxpayer, who is affected by such over-valuation, is given adequate remedies to protect his interests. Hammond, Treas., v. Winder, Recr., 112 Ohio St., 158, 147 N. E., 94. See, also, Hammond, Treas., v. Winder, Recr., 100 Ohio St., 433, 446, 126 N. E., 409, 24 A. L. R., 318.
To allow the writ prayed for in the instant case would be to enable parties, who will not be affected adversely by any such over-valuations, to substitute the extraordinary remedy of mandamus for adequate remedies which are available to all who may be so affected by such over-valuations. Cf. State, ex rel. Blackburn, v. Court of Appeals for Belmont County, 154 Ohio St., 464, 96 N. E. (2d), 297; State, ex rel. Harris, Chief of Police, v. Haynes, Mayor, 157 Ohio St., 214, 105 N. E. (2d), 53 (syllabus, paragraph three).
It may be observed that the statutory provisions with respect to those remedies are such as to enable prompt collection of the amount of taxes which will not be in dispute without prejudicing taxpayers in contesting any excess over that amount. Section 5609, General Code.
Further, it may be observed that the increase in valuations ordered by the Board of Tax Appeals will not necessarily result in the levy of an additional amount of taxes over the amount levied for the tax year 1951, since a reduction must be made in tax rates by the local taxing authorities, as provided in Section 5548-2, General Code; and a reduction inside the 10-mill constitutional limitation may be made by the local taxing authorities.