DECISION AND JUDGMENT ENTRY
Eleanor Smith appeals the Highland County Court of Common Pleas' entry granting summary judgment in favor of the Board of County Commissioners of Highland County upon her complaint alleging a violation of her constitutional rights in the levying of a sewer assessment. Smith contends that the common pleas court applied an incorrect rule of law when it determined that the Board was entitled to judgment based upon her failure to avail herself of statutory remedies. Because Smith's failure to pursue statutory remedies did not waive her right to challenge the assessment on constitutional grounds, we agree. Accordingly, we reverse the judgment of the common pleas court.
 I.
Smith filed a complaint and an amended complaint seeking to enjoin an assessment apportioned against her property by a Board resolution for the construction of a sewer system. In her amended complaint, Smith sought a determination that the assessment is "unconstitutional because excessive, confiscatory and in excess of any special benefits."
The Board filed a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). The Board attached to its motion copies of complaints that Smith's attorney had filed on behalf of other clients in the Highland County Probate Court. Those complaints also challenged the sewer assessment, but did so in accordance with the statutory requirements for appealing sewer assessments contained in R.C. 6117.09. R.C. 6117.09 requires, in relevant part, that an appeal of a sewer assessment be brought before the probate court within a certain time frame. Smith filed her complaint in the common pleas court outside the required time frame. The Board pointed to the similarity between Smith's complaint and the probate complaints, and alleged that Smith merely characterized her complaint as constitutional, rather than statutory, in order to avail herself of a remedy that she failed to timely seek in the proper court.
Because the Board attached evidentiary materials to its motion to dismiss, the common pleas court treated it as a motion for summary judgment. The common pleas court found that the General Assembly vested jurisdiction over challenges to sewer assessments with the probate court. The common pleas court further found that, pursuant to Wagner v.Messner (1940), 136 Ohio St. 514, a landowner like Smith could not file an action to enjoin a sewer assessment if the landowner had notice of the assessment proceedings and did not avail herself of the statutory remedies. Thus, the common pleas court concluded that it lacked jurisdiction over Smith's complaint.
Smith appeals, asserting the following assignment of error:
 The trial court prejudicially misapplied the prevailing rule of law by precluding by virtue of her failure to have availed herself of a statutory remedy in probate court even though the plaintiff/appellant's request for injunctive relief rested solely on constitutional grounds.
 II.
In her only assignment of error, Smith contends that the trial court did not apply the correct rule of law when it determined that it did not have jurisdiction over her appeal. Smith's appeal presents a question of law, which we review de novo. See Hunt v. Marksman Prod. (1995),101 Ohio App.3d 760, 762.
Smith contends that the trial court erred by relying exclusively uponWagner, supra, in light of the Supreme Court of Ohio's later decision inDomito v. Maumee (1942), 140 Ohio St. 229. The Board agrees that Domito
establishes the relevant rule of law, but contends that, even under theDomito rule, Smith failed to state a claim.
In Wagner, as in this case, property owners sought to challenge an assessment, but they failed to pursue available statutory remedies to do so. The Supreme Court of Ohio held that, by failing to avail themselves of the statutory remedies, the property owners waived their right to later challenge the assessments. Wagner, 136 Ohio St. 514,516.
Two years later in Domito, the Supreme Court of Ohio revisited property owners' rights to challenge an assessment. The Domito court determined that, while the property owners' non-compliance with statutory requirements waived their right to challenge the assessment on statutory grounds, it did not waive their right to challenge the assessment on constitutional grounds. Domito, 140 Ohio St. 229, paragraph two of the syllabus; see, also, Wolfe v. Avon (1984), 11 Ohio St.3d 81, 82 (property owners failure to challenge a proposed assessment in accordance with statutory timeline "does not preclude a property owner from questioning the assessment on constitutional grounds").
The Domito court also set forth the standard for determining whether an assessment constitutes an unconstitutional taking of property for public use. If the assessment "is substantially equal to or greater than the value of the property after the improvement is made," the property owner may obtain an injunction against its collection. Domito at paragraph one of the syllabus. A property owner seeking an injunction "has the burden of proving that the lot was not enhanced in value as a result of the improvement in an amount equal to the amount of the assessment." Wolfe at 82, quoting Schiff v. Columbus (1967), 9 Ohio St.2d 31.
In this case, the trial court found that it did not have jurisdiction over Smith's challenge to the sewer assessment because the General Assembly vested jurisdiction over appeals of sewer assessments in the probate courts. However, the trial court failed to consider the fact that Smith challenged the assessment on constitutional grounds. Specifically, by alleging that the assessment is "confiscatory and unconstitutional," Smith, like the property owners in Domito, challenged the assessment as violative of the constitutional prohibition on taking private property for public use without compensation. Additionally, Smith alleged that the assessment was made in violation of her procedural due process and equal protection rights. While Smith's failure to comply with statutory requirements may provide the Board with a valid affirmative defense to Smith's procedural due process and equal protection claims, it does not preclude her from asserting those claims. Accordingly, we find that the trial court erred in ruling that it did not have jurisdiction to consider Smith's constitutional challenges to the sewer assessment.
The Board contends that we should nonetheless uphold the trial court's decision, because Smith failed to state a claim upon which relief can be granted. Specifically, the Board contends that Smith failed to set forth a factual allegation that the cost of the assessment exceeds the value of her property. In her complaint, Smith requested the trial court to find that the assessment is "excessive, confiscatory and in excess of any special benefit," but she did not set forth a numbered paragraph alleging those facts.
Without citing authority, the Board contends that Smith's placement of her allegation in her prayer for relief is insufficient, and therefore fatal to her complaint. We disagree. The language contained in a complaint must provide the defending party with "fair notice of the nature of the action." Rumley v. Buckingham, Doolittle Burroughs,L.P.A. (1998), 129 Ohio App.3d 638, 643, quoting Salamon v. TaftBroadcasting Co. (1984), 16 Ohio App.3d 336, 338. Smith's complaint, though inartfully drafted, provided the Board with fair notice of her claim that the Board is attempting to unconstitutionally take her property for public use without compensation. Therefore, Smith did not fail to state a claim upon which relief can be granted.
The Board also contends that Smith failed to state a claim upon which relief can be granted because Domito only permits challenges to the collection of assessments, rather than to assessments themselves. InDomito, the court noted that a property owner "may await attempted collection and thereupon enlist the aid of a court of equity to safeguard his fundamental rights." Domito at 232. The Board asserts that, with this language, the Domito court intended to limit the right to challenge an assessment on constitutional grounds to situations in which an attempt has been made to collect on the assessment. However, our reading ofDomito does not support such a limitation. Rather, we believe that theDomito court merely pointed out that the property owner's failure to timely file for statutory relief did not waive his constitutional challenge to the assessment; even upon the attempted collection of the assessment, a property owner may challenge the assessment on constitutional grounds. Therefore, Smith stated a claim upon which relief can be granted despite the fact that the Board had not yet attempted to collect upon the assessment.
 III.
In conclusion, we find that the trial court erred as a matter of law in relying upon Wagner to hold that it did not have jurisdiction to entertain Smith's complaint. The trial court possessed jurisdiction over Smith's constitutional claims under Domito. Additionally, we find that Smith stated claims upon which relief can be granted. Accordingly, we reverse the judgment of the trial court, and remand this cause for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J.: Concur in Judgment and Opinion.
 ______________________ Roger L. Kline, Presiding Judge