*231
 
 Zimmerman, J.
 

 In asking a reversal of the judgment below, appellant makes the principal contention that the appellee was barred from seeking injunctive relief under Section 12075, General Code, against the paving assessment, due notice of the improvement having been given before its commencement, together with the amount of the assessment to be levied, and no protest or complaint having been registered thereto. In support of this thesis reliance is placed on the •eases of
 
 Bashore
 
 v.
 
 Brown, Treas.,
 
 108 Ohio St., 18, 140 N. E., 489;
 
 City of Cuyahoga Falls
 
 v.
 
 Beck,
 
 110 Ohio St., 82, 143 N. E., 661;
 
 Hammond, Treas.,
 
 v.
 
 Winder, Recr.,
 
 112 Ohio St., 158, 147 N. E., 94;
 
 Wagner
 
 v.
 
 Messner, Aud.,
 
 136 Ohio St., 514, 26 N. E. (2d), 1018.
 

 Secondly, the appellant urges that if the appellee was not so barred, the provisions of Section 11224, General Code, are applicable to deny appellee the right to enjoin the collection of any part of the assessment which became due and owing more than four years prior to July 6, 1940, the date upon which the petition herein was filed.
 

 It is the appellee’s claim, with which the lower courts agreed, that Section 19, Article I of the Constitution of Ohio, affords him protection from the confiscation of his property and permits him to obtain equitable relief, since the special assessment against his land substantially exceeded the benefits and amounted to as much or more than the value of the land after the completion of the improvement, and that protest or' complaint against the assessment when levied was not necessary.
 

 The fundamental principle underlying the imposition of special assessments on property for a public improvement is that the property is specially benefited and should bear its proportionate cost thereof corresponding to such benefit.
 
 Walsh
 
 v.
 
 Barron, Treas.,
 
 61 Ohio St., 15, 55 N. E., 164, 76 Am. St. Rep., 354.
 

 
 *232
 
 Consequently, when a special assessment is materially in excess of the benefits conferred or is substantially equal to or greater than the value of the property, no advantage accrues to the owner and the special assessment loses its justification. It thereupon invades the inviolability of private property and contravenes the provisions of Section 19, Article I of the Constitution.
 
 State, ex rel. Shafer,
 
 v.
 
 Otter, County Surveyor,
 
 106 Ohio St., 415, 140 N. E., 399;
 
 Baxter
 
 v.
 
 Van Houter, Aud.,
 
 115 Ohio St., 288, 153 N. E., 266.
 

 While it is true that when a property owner does not make written objection to a special assessment imposed by an assessing, body against his property, he thereby waives the privilege of challenging non-com-, pliance with statutory demands on the part of such body, as held in the cases of
 
 Bashore
 
 v.
 
 Brown, Treas., supra, City of Cuyahoga Falls
 
 v.
 
 Beck, supra,
 
 and
 
 Hammond, Treas.,
 
 v.
 
 Winder, Recr., supra,
 
 it does not follow that he is precluded from contesting the collection of the assessment in a court of equity on constitutional grounds.
 

 A special assessment against property in excess of its value after the improvement is made is not in fact an assessment at all, but constitutes the taking of property for public use without compensation.
 
 Baxter
 
 v.
 
 Van Houter, Aud., supra;
 
 36 Ohio Jurisprudence, 912, Section 9.
 

 If, then, an assessment partially or wholly conflicts with the Constitution, it is to that degree void and uncollectible, and it logically ensues that while the failure to take advantage of administrative remedies operates as a waiver of statutory objections, the property owner against whose property an unconstitutional assessment has been levied may await attempted collection and thereupon enlist the aid of a court of equity to safeguard his fundamental rights.
 

 This, court will not weigh evidence. There is testimony in the record from which the Court of Appeals
 
 *233
 
 was warranted in. finding that the value of appellee’s property after the paving was finished amounted to no more than $2250.
 

 Since the council of the village of Maumee violated the Constitution in making the assessment, such assessment was void
 
 ab initio,
 
 and in our opinion the appellee’s right to circumvent its impending enforcement was not subject to the four-year limitation contained in Section 11224, General Code.
 

 An additional and lesser error asserted by the appellant is that the Court of Appeals did not answer fully and completely the interrogatories submitted to it. If this was erroneous, it was not prejudicial, for in the conclusions of fact and law the court set out most of the information sought by the interrogatories, and the appellant was fully advised as to the basis of the judgment.
 

 A majority of the court finding the judgment of the Court of Appeals without error, such judgment is affirmed.
 

 Judgment affirmed.
 

 Turner, Williams and Hart, JJ., concur.
 

 Weygandt, C. J., and Matthias, J., dissent.
 

 Bettman, J., not participating.