STEWART et al., Appellees,

v.

CITY OF BAY VILLAGE, Appellant.

[Cite as *Stewart v. Bay Village* (1990), 69 Ohio App.3d 817.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57151.

Decided Oct. 15, 1990.

*Stewart & DeChant Co., L.P.A.,* and *Thomas H. DeChant,* for appellee.

*Gary A. Ebert* and *Andrew D. Bemer, Jr.,* for appellant.

HOFSTETTER, Judge.

Appellees, Lawrence E. Stewart and Barbara M. Stewart, brought suit against appellant, the city of Bay Village, and requested a preliminary and permanent injunction to prohibit appellant from either assessing appellees for the cost of the construction of a sidewalk in the right of way adjacent to appellee's property or ordering appellees to build it. After a trial to the bench, the trial court granted a permanent injunction.

Appellees own and live at a parcel of land on the southwest corner of Walker Road (running east-west) and Plymouth Road (running north-south). Appellant passed a resolution which ordered appellees to construct a sidewalk along the eastern edge of appellee's property. The parties agree that the sidewalk would cost $3,008.

Appellant raises two assignments of error.

I

"The trial court's decision to enjoin appellant from imposing a special assessment upon appellees for a sidewalk improvement was against the manifest weight of the evidence and contrary to law.

"A. The trial court erred by applying need/necessity rather than special benefit as the foundation for determining the propriety of the subject assessment.

"B. The trial court erred by failing to find that appellees did not meet their burden of proving lack of enhancement in property value."

█ The trial court discussed the need for sidewalks in terms of a benefit to others or the community when the actual test is to what extent the construction will enhance the value of the *lot*.

"[Assessment] is not a *necessity* to municipal corporations * * * [but] if a municipal corporation sees proper to avail itself of the assessment mode of taxation * * * it is but just that such property should pay toward the cost of the improvement a sum that is equal to the value of the special benefits conferred." *Chamberlain v. Cleveland* (1878), 34 Ohio St. 551, 561, 562.

The issue is the benefit to the property owner, not the community.

"The enhancement in the value of property that results from a public improvement is the special benefit that will support an assessment against that property to pay for the improvement. Such enhancement in value of such property is a benefit to its owner that accrues to him and not to the public or to the rest of the community." *Schiff v. Columbus* (1967), 9 Ohio St.2d 31, 38 O.O.2d 94, 223 N.E.2d 54, paragraph four of the syllabus.

█ "[L]egislative determinations for such improvements and the procedures for such assessments may be presumed to be valid until a showing is made to the contrary." *Wolfe v. Avon* (1984), 11 Ohio St.3d 81, 83, 11 OBR 324, 326, 463 N.E.2d 1251, 1254.

" 'A purported assessment for a public improvement levied against private property, which is substantially equal to or greater than the value of the property after the improvement is made, constitutes the taking of property for public use without compensation, in contravention of Section 19, Article I of the Constitution of Ohio, and the owner may enjoin its collection in a court of equity upon the ground of invalidity.' " *Id.*, quoting *Domito v. Maumee* (1942), 140 Ohio St. 229, 23 O.O. 434, 42 N.E.2d 984, paragraph one of the syllabus.

*Wolfe* concluded that the *Domito* test was subsequently refined in *Schiff v. Columbus, supra*, as follows:

" 'In order to be entitled to an injunction against any part of an assessment for the cost of a public improvement against a lot, the owner thereof has the burden of proving that the lot was not enhanced in value as a result of the improvement in an amount equal to the amount of the assessment.' " *Wolfe, supra*, 11 Ohio St.3d at 84, 11 OBR at 327, 463 N.E.2d at 1254, quoting *Schiff*,

*supra,* at paragraph five of the syllabus. Thus, the burden of proof is on the owner.

"[T]he landowner must offer *sufficient* proof of the value of his property before and after the alleged improvement. If the evidence adduced does not sustain the property owner's claim of no enhancement of value, then he fails in his bid for an injunction and the city may proceed to collect the assessment." (Emphasis added.) *Wolfe, supra,* 11 Ohio St.3d at 84, 11 OBR at 327, 463 N.E.2d at 1254. However, "presumptions of reasonableness and enhancement to the property are in favor of the city." *Id.*

In *Wolfe,* the owner's evidence consisted of his testimony and an affidavit from an expert. The court concluded that "[t]he evidence submitted by the appellant must be given weight on the issue of enhanced value * * *." *Id.* This conclusion was not limited to the affidavit. *Id.* The summary judgment for the city was reversed even though there was no testimony concerning the value in dollars and cents.

■ Appellees had to produce *sufficient* evidence to rebut the presumption of enhancement. See *Wolfe, supra,* 11 Ohio St.3d at 84, 11 OBR at 327, 463 N.E.2d at 1254, and *Glass v. Dryden* (1969), 18 Ohio St.2d 149, 153, 47 O.O.2d 313, 315, 248 N.E.2d 54, 57: "[A]ppellee failed to adduce *sufficient* evidence * * * to support a finding of absence of benefits or of cost in excess of benefit * * *." (Emphasis *sic.*) Dollar values are not essential. See, *e.g., Wolfe, supra.*

Appellee's testimony can be paraphrased as follows:

His home was built in 1860 and has been designated by the Bay Village Historical Society as a "century home." He restored the house and has maintained the property as a Western Reserve, New England architecture-style home with primitive antiques. He wants to maintain the house in its original form.

Other properties near him would benefit but he would derive no benefit. The driveway is on Walker, not on the side which appellant requires have a sidewalk (Plymouth). People that come to his home park in his driveway, which will accommodate a dozen cars. The visitors don't park on Plymouth. No parking is allowed on Walker. Delivery persons and meter readers come up the driveway. He did not think that the mailman comes along Plymouth.

A sidewalk might increase his chances of legal liability since improper maintenance of a sidewalk can result in a nuisance action.

His property might be more difficult to subdivide. The sidewalk could actually decrease the value of his property.

Appellee presented sufficient evidence that the lot was not enhanced in the value as a result of the improvement in an amount equal to the amount of the assessment. Visitors and business invitees might find access easier but access is presently not impossible or intolerably restricted. Appellee is not discomfited by any limitation.

Against the minimal benefit in enhanced access we must weigh the loss to the property. Appellee's property is unique in that he has maintained the exterior of the home and the land in the condition in which it was found in 1860. He stands to lose a portion of the value he has in the property. That loss is greater than the minimal benefit appellee will receive.

We affirm the decision of the trial court albeit for other reasons. Assignment of Error No. I is overruled.

## II

"The trial court erred as a matter of law in finding sidewalk construction and assessment in the instant matter to be an unreasonable and arbitrary exercise of police power."

The trial judge stated as follows:

"It is agreed that defendant City has the authority to exercise its police powers via legislation to promote the general welfare and public safety of its citizens. However, the exercise of such power must be reasonable and not arbitrary or aggressive, and the means selected shall have a real and substantial relation to the object sought to be attained, so as to avoid a taking of property without due process of law."

The trial judge erred in holding that the order to construct a sidewalk was an unreasonable and arbitrary *exercise of police power.* The resolution was promulgated under the authority of R.C. 729.01. This court has previously discussed the nature of the action taken and the standard to be applied:

"Relative to this claim, we think it should be noted that a distinction must be made between the class of cases which involve solely the police power of the municipality and the class of cases involving what is commonly referred to as a governmental purpose in the public interest.

" * * *

"[T]here is a real difference between a court's examination of a legislative determination to see if it is 'clearly erroneous' as in police power cases, and the substitution of its judgment for that of the legislative body on a showing of fraud or gross abuse of discretion when passing upon the validity of legislative action to carry on public improvements in the interest of public welfare." *Grisanti v. Cleveland* (App.1962), 89 Ohio Law Abs. 1, 6–7, 181

N.E.2d 299, 303, appeal dismissed (1962), 371 U.S. 68, 83 S.Ct. 111, 9 L.Ed.2d 119, citing *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 4 O.O.2d 113, 146 N.E.2d 854; *Kittel v. Bigelow* (1941), 138 Ohio St. 497, 21 O.O. 380, 37 N.E.2d 41; and *Railroad Co. v. Defiance* (1895), 52 Ohio St. 262, 40 N.E. 89.

An abuse of discretion is more than an error of law or judgment; it connotes an unreasonable, arbitrary or unconscionable attitude. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

Thus, the trial court's conclusion that the appellant's decision was unreasonable and arbitrary did not exceed the scope of possible conclusions even though it erroneously referred to an exercise of police power. It did not apply the "clearly erroneous" standard used in police power cases.

The trial court stated that the order was unreasonable and arbitrary because appellant did not conduct studies to show the need for the sidewalks. As noted the necessity of the change is not the standard. "[P]resumptions of reasonableness and enhancement to the property are in favor of the city." *Wolfe, supra*, 11 Ohio St.3d at 84, 11 OBR at 327, 463 N.E.2d at 1254. There is no allegation of fraud.

The trial court properly concluded that the appellant acted arbitrarily and unreasonably, *i.e.*, abused its discretion. Appellant assessed appellees for an improvement that *might* benefit others rather than because it would benefit appellees. After the fact appellant tried to argue that visitors to appellees' property would have improved access. However, it is apparent that the benefit to the community was the motivating factor and that the impact on appellees' property was not considered. Assignment of Error No. II is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

Ann McManamon, J., concurs.

Krupansky, P.J., dissents.

Edwin T. Hofstetter, J., retired, of the Eleventh Appellate District, sitting by assignment.

Krupansky, Presiding Judge, dissenting.

I must respectfully dissent from the majority opinion.

In June 1986 defendant passed a resolution ordering the construction of public sidewalks in specified areas which included plaintiffs' property. Plaintiff Lawrence testified he felt the value of his home would diminish if he was

forced to install sidewalks. However, no evidence of the home's present value or potential future value was introduced.

The evidence introduced did show Bay Village had very little pedestrian traffic accidents. There are no bus stops or traffic control devices at the intersection of Walker Road and Plymouth Drive. The city conducted no traffic or pedestrian studies of the area.

The trial court held defendant's actions were an unreasonable and arbitrary exercise of police powers since no studies were done "indicating the necessity for these sidewalks," where the benefits to plaintiffs were speculative, and where the need/necessity for a sidewalk on said property is in doubt and of questionable benefit to the protection of pedestrians. Hence, the trial court granted plaintiffs' motion for a permanent injunction. Each assignment of error will be addressed separately.

Defendant's first assignment of error follows:

"The trial court's decision to enjoin appellant from imposing a special assessment upon appellees for a sidewalk improvement was against the manifest weight of the evidence and contrary to law."

Defendant's first assignment of error has merit.

The majority opinion has correctly stated the test that should have been used by the trial court. A landowner must offer sufficient proof of the value of his land both before and after assessment, proving the value of the land was not enhanced in an amount equal to the value of the assessment. The trial court was also correct in holding that the municipality enjoys a presumption of the validity of the assessment. *Wolfe, supra.* The majority, however, incredulously finds plaintiff met this burden.

The majority concedes the only evidence pertaining to this issue, unlike the plaintiff in *Wolfe* who provided an affidavit from an expert, is the self-serving statement made by plaintiff Lawrence that the value of his home would diminish if he was forced to install sidewalks. This was purely a subjective opinion and not based on an objective analysis. The majority relies on the proposition that plaintiff was not required to provide a dollar value. Then perhaps because the majority can not arrive at an acceptable alternative they conclude plaintiff's self-serving statements are sufficient. However, the majority loses sight of reality when it assumes that because a dollar value is not required, no objective evidence is required.

It is unnecessary to evaluate the exact type evidence required to support plaintiffs' burden relative to the value of the property both before and after assessment as required by *Schiff, supra,* since in the case *sub judice* plaintiff provided no objective evidence. However, the "assessment value" is deter-

mined on a dollar and cents basis; therefore, a fair reading of *Schiff* may lead one to believe the best approach is to use the same medium, *i.e.,* dollars and cents, to prove the value of the property both before and after the assessment. Certainly an objective test based on value expressed in dollars and cents would leave little room for argument. Plaintiff has introduced only evidence of his personal view of the property's intrinsic worth as a century home. Plaintiff could have produced expert opinion testimony to confirm his opinion without stating an exact dollar amount. Plaintiff failed to do so. For example, the majority has stated on page five of their opinion that plaintiff has testified to the following:

"A sidewalk *might* increase his [plaintiff's] chances of legal liability since improper maintenance of a sidewalk can result in a nuisance action.

"His [plaintiff's] property *might* be more difficult to subdivide. The sidewalk *could* actually decrease the value of his property." (Emphasis added.)

The majority's contentions are not only absurd, but plaintiff's use of words such as "might" and "could" points out the fallacy of their argument. Plaintiff will be exposed to tort liability if someone were to injure his/herself walking on his lawn. In fact, this liability is likely to be greater since it is more likely someone would injure his/herself walking on uneven ground than on an installed sidewalk. Furthermore, should plaintiff choose to subdivide his property, he will then have no argument against the installation of sidewalks since his home will no longer have the historical value he so cherishes.

More importantly, however, it is plaintiff's burden to show the property value after the assessment is less than the value before the assessment. The majority concedes this is the proper standard. There is clearly a difference between proving the value of the property and stating what *might* or *could* happen. The fact that plaintiff only showed what *might* happen should have been enough to reverse the case *sub judice.* This should be especially true when plaintiff has failed to introduce any objective evidence. Instead plaintiff has presented only his self-serving conclusions supported by excuses and not based upon reasons. This is hardly "sufficient" evidence upon which to grant injunctive relief. It is not incumbent on the city to justify an increase in value.

Based on the majority's opinion it will now be impossible for a city to ever assess a landowner. The landowner can simply walk into court on the day of trial and claim that he does not feel his property value will be increased. I would suppose the city would then be required to provide experts to rebut the plaintiff's claim. This would not only increase the cost to the city of making

such "improvements," but clearly destroys the presumption in favor of the city that is *required by the law*!

The majority then amazingly finds the city's evidence to be of only a minimal benefit. It is *not*, however, the city's burden to provide any evidence until plaintiff has provided *some* objective evidence. The majority relies on the fact that the property is a century home and hence of special significance to the landowner. One would be hard pressed to find *any* property that is not of special significance to its owner. Indeed, that would be especially true when one is facing a financial assessment. The law, however, recognizes that a city must enjoy a presumption that its actions are in the best interests of the community as a whole and of each landowner. Whether or not we as a civilization have lost something from the lifestyle society led in the 1860's can be debated ad infinitum. Our job as a court, however, is to follow the law as promulgated by the statutes and interpreted by case law.

Accordingly, defendant's first assignment of error is well taken and should have been reversed.

Defendant's second assignment of error follows:

"The trial court erred as a matter of law, in finding sidewalk construction and assessment in the instant matter to be an unreasonable and arbitrary exercise of police power."

Defendant's second assignment of error has merit.

The majority concedes the trial court erred in holding this was an arbitrary *exercise of police power*. Then *sua sponte*, the majority pulls a rabbit from its hat and presto, determines not only that the trial court "erroneously" referred to police power, but that defendant had acted arbitrarily and unreasonably.

However, the trial court's opinion in the case *sub judice* held as follows:

"It is agreed that defendant city has the authority to exercise its *police powers* via legislation to promote the general welfare and public safety of its citizens. However, the exercise of *such power* must be reasonable and not arbitrary or aggressive, and the means selected shall have a real and substantial relation to the object sought to be attained, so as to avoid a taking of property without due process of law." (Emphasis added.)

The tests that have evolved pertaining to similar fact situations are enunciated in *Grisanti v. Cleveland* (App.1962), 89 Ohio Law Abs. 1, 181 N.E.2d 299, and outlined as follows:

A. Courts may invalidate an arbitrary exercise of police power, however:

B. involving governmental use of power in public improvement, courts are limited to,

1. a determination whether governmental bodies transcend their powers, or,

2. were induced to act by fraud or gross abuse of discretion.

In the case *sub judice,* the city's authority to install sidewalks arises under R.C. 729.01, which provides as follows:

"In addition to the power conferred upon municipal corporations under section 727.01 of the Revised Code to construct sidewalks, curbs, or gutters and levy an assessment therefor, the legislative authority of a municipal corporation *may require the construction or repair of sidewalks,* curbs, or gutters within the municipal corporation by the owners of lots or lands abutting thereon, and upon the failure of such owners to construct or repair such sidewalks, curbs, or gutters within the time prescribed in the resolution adopted under section 729.02 of the Revised Code, may cause such sidewalks, curbs, or gutters to be constructed or repaired and assess the total cost thereof against the lots or lands abutting thereon, notwithstanding the provisions of sections 727.03 and 727.05 of the Revised Code." (Emphasis added.)

This court in *Grisanti, supra,* held as follows:

"Thus it is clear that there is a real difference between a court's examination of a legislative determination to see if it is 'clearly erroneous' as in police power cases, and the substitution of its judgment for that of the legislative body on a showing of fraud or gross abuse of discretion when passing upon the validity of legislative action to carry on public improvements in the interest of public welfare." *Id.* at 7, 181 N.E.2d at 303.

R.C. 729.01 clearly authorizes defendant to require the construction of sidewalks; therefore, the facts *sub judice* do not fall within the gambit of an exercise of police power. Since the facts *sub judice* do involve the governmental use of power in public improvement, it cannot be held the city of Bay Village transcended its power or authority because the authority herein is a statutory grant. Hence, the correct standard for a court to apply in reviewing such public improvements is whether defendant's actions amount to "fraud or a gross abuse of discretion." Therefore, the trial court erred in applying the wrong standard. The majority, however, simply upholds the trial court's verdict notwithstanding that it is based on the wrong standard. At the very least this case should be remanded to the trial court so that plaintiff may provide the court with some evidence and the trial court can evaluate such evidence using the appropriate standard.

However, since there is neither a contention nor an indication in the record that the city failed to follow the statutory procedure to construct sidewalks herein, there was neither fraud nor an abuse of discretion by the city.

Therefore, since plaintiff was given an opportunity to present his evidence and failed to do so, the judgment should be reversed and final judgment entered for defendant-appellant.