HOLDING CORPORATION OF OHIO, Appellee,

v.

CITY OF DUBLIN, Appellant, et al.

[Cite as *Holding Corp. of Ohio v. Dublin* (1994), 94 Ohio App.3d 756.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE10–1503.

Decided May 12, 1994.

*Havens, Willis & Erney, Skrobot & Fisher, James R. Havens, Robert D. Erney; Lucas, Prendergast, Albright, Gibson & Newman* and *Robert E. Albright,* for appellee Holding Corporation of Ohio.

*Squire, Sanders & Dempsey, David J. Young, C. Craig Woods, Keith Shumate; Carlile, Patchen & Murphy, Stephen J. Smith* and *Mitchell H. Banchefsky,* for appellant city of Dublin, Ohio.

*Baker & Hostetler, John H. Burtch* and *David C. Levine,* for *amicus curiae* Ohio Association of Realtors.

*John E. Gotherman,* for *amicus curiae* Ohio Municipal League.

*Neal M. Janey,* for *amicus curiae* National Institute of Municipal Law Officers.

---

TYACK, Judge.

On December 23, 1992, Holding Corporation of Ohio filed a complaint in the Franklin County Court of Common Pleas against the city of Dublin ("Dublin") and the Franklin County Treasurer and Auditor, alleging that a special assessment against one of its parcels (hereinafter "Parcel 372") exceeded the special benefit conferred upon Parcel 372 and was therefore unconstitutional. Holding Corporation requested the assessment be enjoined.

The suit arose out of the extension of Muirfield Drive, a four-lane arterial boulevard, through land owned by Holding Corporation.[1] Muirfield Drive had been incomplete, with the northern segment beginning in Muirfield Village, running south and ending at Brand Road. The southern segment of the boulevard ran north and ended at the land owned by Holding Corporation. Dublin had a long-standing thoroughfare plan which contemplated completing Muirfield Drive, linking the northern segment with the southern segment through Holding Corporation's land. The land had been in an R-1 zoning classification which permits one residential unit per acre. However, it needed to be rezoned in order to be developable.

In December 1989, the land was divided into five parcels, one of them being Parcel 372. In early 1990, Dublin decided to proceed with the extension of Muirfield Drive. Negotiations between the developers of the land and Dublin commenced, and then they broke down. On October 15, 1990, Dublin City Council passed Resolution No. 50–90, which declared it necessary to construct a four-lane boulevard in order to complete Muirfield Drive. Dublin also decided, pursuant to R.C. 727.01(B), to assess the owners of the land for a portion of the construction costs according to the benefits resulting from the extension. Accordingly, condemnation proceedings began for the right-of-way, and Dublin ultimately compensated the landowners, including Holding Corporation, for the take and for damages to the residues on the five parcels.

Meanwhile, the developers had filed objections to the assessment and an Assessment Equalization Board ("Board") was appointed by Dublin City Council to hear those objections. A hearing was held and testimony was taken. The Board ultimately overruled the objections, finding the special assessments were limited to the special benefits conferred upon each parcel. Dublin City Council approved the Board's findings on December 10, 1990.

Construction of the Muirfield Drive extension began in March 1991 and was completed in September 1991. Nine months later, Holding Corporation applied for and received Planned Low–Density Residential ("PLR") zoning, allowing 2.7 residential units per acre, as opposed to one unit per acre allowed under the previous R-1 zoning. On October 5, 1992, a large portion of Parcel 372 was approved for final plat. Within two days after this, Holding Corporation sold one

---

1. The developers of the entire tract of land deeded over Parcel 372 and another parcel within the tract to Holding Corporation and deeded two other parcels over to another holding company. The developers retained one other parcel. Although this suit involves only Parcel 372, similar actions for injunctions involving the other four parcels were consolidated and that action has been stayed pending our decision in this case. For the sake of simplicity, we will sometimes refer to Holding Corporation as the owner of "the land" and not just Parcel 372.

hundred twenty-three lots from Parcel 372 to Centex Real Estate Corporation for $20,325 per lot.

The final cost of the Muirfield Drive extension was $3,065,331.07. On June 21, 1993, Dublin City Council passed Ordinance No. 54–93, which approved the final assessment. Forty-two percent of the final cost was assessed against the landowners. Of the assessment, thirty-six percent was allocated to Parcel 372. As stated earlier, Holding Corporation then filed the present suit seeking enjoinment of the assessment.

The Franklin County Treasurer and Auditor were subsequently dismissed as defendants to the suit. A trial was held and, on September 2, 1993, the trial court filed its decision, permanently enjoining collection of the assessment. On September 23, 1993, the trial court issued findings of fact and conclusions of law. A judgment entry was journalized on October 6, 1993. Dublin (hereinafter "appellant") has appealed the judgment in favor of Holding Corporation (hereinafter "appellee"), assigning six errors for our consideration:

"A. The trial court erred as a matter of law by failing to consider the increased development opportunities created by the improvement, including the opportunity to obtain higher-density zoning.

"B. The trial court erred as matter of law by failing to consider the improved north-south access afforded by the extension of Muirfield Drive.

"C. The trial court erred as matter of law by focusing exclusively on the relatively small portion of parcel 372 which borders on Muirfield Drive.

"D. In the alternative, the trial court's findings are against the manifest weight of the evidence.

"E. The trial court erred as a matter of law by failing to apply the presumption of validity in favor of the assessment and by shifting the burden of proof to the city.

"F. The trial court erred as a matter of law by not specifying the amount of the special benefit and by enjoining the collection of the entire assessment."

■ We will first address the sixth assignment of error. In it, appellant contends that because the trial court found some special benefit was conferred upon the land, the *entire* assessment should not have been enjoined. Appellee disagrees with appellant's contention that the trial court found a special benefit and points to the trial court's finding that although the value of Parcel 372 had increased in value, it was not due to the extension of Muirfield Drive. The first question, then, is whether the trial court found a special benefit. Apparently the trial court did.

In its journal entry, the trial court stated that for the reasons set forth in its decision and in its findings of fact and conclusions of law, the assessment was permanently enjoined. In its decision, the trial court stated that it found as fact that any special benefits to Parcel 372 were significantly less valuable than the amount of the assessment. In its conclusion of law No. 2, the trial court stated that the "assessment exceeds the special benefits conferred upon the property * * *." Although the court did not say just what that special benefit was, the language clearly implies that it did find some special benefits.

We acknowledge that some tension may exist between the trial court's apparent findings of special benefit in some portions of its findings of fact and certain of the trial court's other findings of fact. For instance, in paragraphs 32, 33 and 34, the trial court found:

"32. The construction of the extension of Muirfield Drive through the subject property is a general benefit to the City of Dublin.

"33. The need for the completion of Muirfield Drive was not uniquely attributable to the projected development of Parcel 372 and the adjacent parcels owned by the Kelley/Weiler interests.

"34. The construction of the last segment of Muirfield Drive did not create any new development opportunities for the Kelly/Weiler interest."

In regard to paragraph 32, we note that the city of Dublin did not assess fifty-eight percent of cost against the landowners on a theory that most of the benefit was a general benefit. We interpret paragraphs 32, 33 and 34 to mean that the completion of Muirfield Drive as a four-lane arterial boulevard did not increase development opportunities as opposed to the opportunities which a collector street would have provided. We do not view these paragraphs as inconsistent with a finding that some special benefit was provided by street access to the interior of the parcels as a result of the construction of Muirfield Boulevard.

We also note that one of the owners in this investment property acknowledged benefit from a collector street, although a benefit of less than the assessment here.

■ In *Schiff v. Columbus* (1967), 9 Ohio St.2d 31, 38 O.O.2d 94, 223 N.E.2d 54, paragraph one of the syllabus, the Supreme Court of Ohio held:

" * * * Section 727.01, Revised Code, * * * authorize[s] special assessments not only upon land abutting, adjacent and contiguous to a public improvement but also upon other land specially benefited by such improvement."

The Supreme Court also held at paragraph five of the *Schiff* syllabus, that, to enjoin "*any part* of an assessment * * *, the owner thereof has the burden of proving that the lot was not enhanced in value as a result of the improvement *in*

*an amount equal* to the amount of the assessment." (Emphasis added.) These two propositions of law make it clear that a municipality can assess in accordance with any special benefit conferred upon the land. Furthermore, other case law from the Supreme Court leads us to conclude that it was error for the trial court here to enjoin the entire assessment when it found some special benefit existed.

In *Walsh v. Barron* (1899), 61 Ohio St. 15, 55 N.E. 164, paragraph one of the syllabus, the Supreme Court held:

"The fundamental principle underlying an assessment made on property for the cost and expense of a local public improvement is, that the property is specially benefited by the improvement beyond the benefits common to the public, *and that a ratable assessment of the property to the extent of these benefits violates no constitutional right of the owner, and is just and proper.* But it can in no case exceed the benefits without impairing the inviolability of private property." (Emphasis added.)

In *Barron,* the Supreme Court reversed the decision of the lower court which found for the treasurer-assessor, holding that the assessment exceeded the special benefits. On remand, the lower court set aside the assessment in part. The property owners appealed this to the Supreme Court, questioning the power of the lower court to so act. On appeal, the Supreme Court held:

"Where, in a suit brought by a treasurer to collect a street assessment, it has been judicially determined that the assessment made by the city authorities has in a substantial amount exceeded the special benefits conferred upon the property by the street improvement, the trial court has jurisdiction to go forward, upon proper pleadings, and determine what amount should be assessed; and it is not error for the court to refuse to set aside the assessment in toto and remit the question to the city authorities for their action." *Walsh v. Sims* (1901), 65 Ohio St. 211, 62 N.E. 120, paragraph one of the syllabus.

In *Sims,* the Supreme Court went on to state that the question for the lower court was not whether *any* assessment could have been made, but what was the proper amount. *Id.* at 214, 62 N.E. at 120.

In light of these decisions, we hold that the trial court here should have determined the ratable assessment in accordance with the special benefits it found to exist, instead of enjoining the entire assessment. Hence, appellant's sixth assignment of error is sustained and we remand to the trial court for appropriate proceedings in accordance with this opinion.

Given our disposition of the sixth assignment of error, assignments of error one through four are moot. The trial court will have the task of determining the proper assessment amount. Because the trial court gave us no indication of what the special benefits were, we will not determine for ourselves what they are or

are not in light of the court's holdings in other areas such as increased development opportunities and the value of the property before and after the improvement, which issues are intricately related to the proper amount of the assessment.

■ We will, however, address appellant's fifth assignment of error. In this assignment of error, appellant contends that the trial court should have given appellant's decision to assess a presumption of validity. In *Wolfe v. Avon* (1984), 11 Ohio St.3d 81, 82–83, 11 OBR 324, 325–326, 463 N.E.2d 1251, 1252–1253, the Supreme Court stated that legislative determinations for improvements and the procedures for assessments may be presumed valid until a contrary showing is made. The Supreme Court also stated that presumptions of reasonableness and enhancement to the property are in favor of the city. *Id.* at 84, 11 OBR at 327, 463 N.E.2d at 1254. Although these statements are dictum, we agree with their principle. However, we do not hold that the trial court here contravened this principle.

In support of its contention that a presumption was not given, appellant points to the trial court's decision, which states:

"The City points out that deference should be given to the decisions of administrative agencies. But deference fades when the decision is reported only by a conclusionary statement without a reasoned analysis or factual findings based on reliable evidence."

The trial court then pointed to evidence relied on by the Board which the trial court found to be unreliable. Hence, the trial court merely found that the legislative determination was unreasonable, based upon unreliable evidence, and was invalid based upon such a showing.

■ Appellant also contends that the trial court impermissibly shifted the burden of proof to appellant. It bases this contention on statements made in the trial court's decision that appellant "would need to show that 42 percent of the future traffic on this segment of Muirfield Drive would be coming from Parcel 372 * * *. But the city did no analysis of this basis. No reliable evidence was presented on the subject."

■ The burden of proof is on the landowner, appellee here, to show that its property was not enhanced in value as a result of the improvement and that certain legal requirements were not complied with in meeting the assessment. *Schiff* at paragraphs three and five of the syllabus. Here, the burden was not shifted to appellant. In its analysis of whether a special benefit existed, the trial court pointed to evidence adduced by appellant that the developers should pay for the share of traffic caused by the development. The court was merely stating that *if* that were the rule to be applied in the case, then appellant's assessment

would have to be supported by more analysis than what was presented. Again, the trial court was analyzing the evidence before it in order to reach a decision and in doing so here did not, as appellant contends, shift the burden of proof to appellant to show the assessment did not exceed the special benefit.

 Also under the fifth assignment of error, appellant argues that the trial court failed to apply a clear and convincing standard of proof. Appellant's only support for this contention lies in its argument that the evidence was insufficient to support the trial court's conclusion that appellee met its burden of proof by clear and convincing evidence. This alone does not support appellant's contention that the trial court applied the incorrect standard of proof.

Accordingly, appellant's fifth assignment of error is overruled.

Appellant's sixth assignment of error is sustained, and the fifth assignment of error is overruled. The first, second, third and fourth assignments of error are rendered moot, and the judgment is reversed and remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and BOWMAN, J., concur.

WHITESIDE, Presiding Judge, concurring.

With the understanding that we find no error or abuse of discretion with the trial court's basic finding of fact that the special assessment is excessive, I concur in the opinion and judgment. The evidence fully supports that finding. However, when the trial court finds a special assessment to be excessive, the trial court should also make a finding as to the amount that could properly be assessed, that is, the amount of the special benefit, or at least remand the question to the Dublin authorities for their proper action as suggested in *Walsh v. Sims* (1901), 65 Ohio St. 211, 62 N.E. 120. No statutory change in the interim has negated the holding in *Walsh*. See R.C. 727.39 and 2723.01.