DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following
disposition is made:
 INTRODUCTION {¶ 1} The City of Avon Lake put in sidewalks along Avon Belden Road, including in front of Anthony and Nancy Abram's home and Alberta Hassell's home. The City assessed the property owners, including the Abrams and Ms. Hassell for the sidewalks. The Abrams and Ms. Hassell sued the City and the Lorain County Auditor and Treasurer. Among other things, they alleged that they had filed a petition with the City asking it to seek federal and state grants for the sidewalks, but that the City had "ignored, rejected, and recklessly disregarded" the *Page 3 
petition. They sought preliminary and permanent injunctions against the assessments on their homes and a declaratory judgment "with respect to the establishment of an equalization board to hear their written protests and objections."
 {¶ 2} The City moved for summary judgment, and the trial court entered an order granting its motion and determining that the City's actions in regard to the sidewalks "were reasonable and an enhancement of the property." The trial court also determined that the City had acted in good faith in attempting to "find a grant that would be applicable to this particular situation." The Abrams and Ms. Hassell moved the trial court to reconsider or vacate its order granting the City's motion for summary judgment, and the trial court denied that motion.
 {¶ 3} The Abrams and Ms. Hassell have attempted to appeal from both the trial court's order granting the City summary judgment and its order denying their request that it reconsider or vacate the summary judgment in the City's favor. This Court dismisses their attempted appeal because neither order from which they have attempted to appeal is a final, appealable order.
 THE ORDER GRANTING SUMMARY JUDGMENT {¶ 4} Rule 54(B) of the Ohio Rules of Civil Procedure provides that an order that disposes of fewer than all the claims or fewer than all the parties in a case is not final unless it includes a determination that "there is no just reason for delay": *Page 3 
 When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The trial court's order granting the City summary judgment neither adjudicated all the clams nor the rights and liabilities of all the parties and did not include a determination that there was no just reason for delay.
 {¶ 5} As mentioned above, the Abrams and Ms. Hassell, in their complaint, had sought, among other things, a declaratory judgment "with respect to the establishment of an equalization board to hear their written protests and objections." In its order granting the City's motion for summary judgment, the trial court failed to declare whether the City was required to establish an equalization board.
 {¶ 6} Generally, a trial court "fails to fulfill its function in a declaratory judgment action when it disposes of the issues by merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration."IAFF Local # 267 v. City of Lorain, 9th Dist. No. 93CA005629,1994 WL 135290, at *2. While the trial court's order adjudicated the Abrams and Ms. Hassell's other claims, it did not adjudicate their *Page 4 
claim for declaratory relief regarding their claimed right to an equalization board. It, therefore, did not adjudicate all of the Abrams and Ms. Hassell's claims.
 {¶ 7} Further, while the trial court's order granted the City's motion for summary judgment, it did not adjudicate the Abrams and Ms. Hassell's claims against the Lorain County Auditor and Treasurer. It did not, therefore, adjudicate the rights and liabilities of all the parties.
 {¶ 8} Since the trial court's order granting the City's motion for summary judgment neither adjudicated all the claims nor the rights and liabilities of all the parties, it would have only been final if the trial court had included a determination that there was no just reason for delay. Since the trial court's order did not include a determination that there was no just reason for delay, it was not a final, appealable order. Accordingly, to the extent the Abrams and Ms. Hassell have attempted to appeal from the trial court's ruling on the City's motion for summary judgment, their attempted appeal must be dismissed.
 THE ORDER DENYING THE REQUEST TO RECONSIDER OR VACATE {¶ 9} A ruling on a motion to reconsider or vacate an order that is not a final, appealable order is also not a final, appealable order. SeeFleenor v. Caudill, 4th Dist. No. 03CA2886, 2003-Ohio-6513, at ¶ 13. Accordingly, to the extent the Abrams and Ms. Hassell have attempted to appeal the trial court's refusal to reconsider or vacate its ruling on the City's motion for summary judgment, their attempted appeal must be dismissed. *Page 5 
 CONCLUSION {¶ 10} The orders the Abrams and Ms. Hassell wish to challenge on appeal are not final, appealable orders. Accordingly, their attempted appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
CARR, P. J. REECE, J. CONCUR
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1