ABRAM et al., Appellants,

v.

CITY OF AVON LAKE et al., Appellees.

[Cite as *Abram v. Avon Lake,* 180 Ohio App.3d 145, 2008-Ohio-6871.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 08CA009395.

Decided Dec. 29, 2008.

146

Gerald W. Phillips; and J.G. Morrisson, Assistant Lorain County Prosecutor, for appellants.

William J. Kerner Sr., Avon Lake Law Director, and Michael J. Scherach, Assistant Law Director, for appellees.

DICKINSON, Judge.

## INTRODUCTION

{¶ 1} Residential landowners sued the city of Avon Lake over special assessments levied by the city to fund the construction of sidewalks. Anthony and Nancy Abram and Alberta Hassel have argued that the trial court incorrectly granted summary judgment to the city because there is a genuine issue of material fact regarding (1) whether the sidewalk resulted in any special benefit for the landowners, (2) whether the city was required to convene an equalization board to hear the landowners' complaints, and (3) whether the city breached a duty to pursue federal and state grants to fund the project. This court affirms in part because R.C. Chapter 729 does not require an assessment equalization board to hear landowners' objections to proposed assessments, and the city of Avon Lake did not have a duty to seek federal, state, or county funding before instituting assessment procedures under the Revised Code. This court reverses in part because there remains a genuine issue of material fact regarding whether the assessments exceeded the amount of any special benefit to the landowners, which would render them unconstitutional.

## BACKGROUND

{¶ 2} The city of Avon Lake determined that it was necessary to install sidewalks in a residential area that included houses owned by Anthony and Nancy Abram and Alberta Hassel. To help defray the cost of the project, the city levied a special assessment on the landowners. The city ordered the landowners to construct a sidewalk in accordance with plans and specifications issued by the city council. If the owners failed to comply by a certain date, the council promised to have the project completed "and the entire cost thereof * * * assessed upon the property of each [ ] owner and made a lien thereon." The Abrams and Hassel failed to construct the sidewalks, and the city levied a special assessment for the project in the amount of $5,087.92 on the Abram property and in the amount of $2,762.80 on the Hassel property.

{¶ 3} The Abrams and Hassel sued the city of Avon Lake, the Lorain County auditor, and the Lorain County treasurer to enjoin collection of the assessments and for declaratory judgment regarding whether the city breached a duty to first seek outside funding and to have their objections heard by an equalization board. The trial court granted summary judgment to the city because it determined that the city's actions "were reasonable and an enhancement of the property." The landowners appealed. This court dismissed the attempted appeal for lack of a final, appealable order because the entry did not include a determination that there was no just cause for delay, and the claims for declaratory judgment and those against the auditor and the treasurer had not been adjudicated. *Abram v. Avon Lake*, 9th Dist. Nos. 06CA009061 and 07CA009076, 2007-Ohio-5476, 2007 WL 2982641, at ¶ 5, 7–8.

{¶ 4} On remand, the trial court again granted the city's motion for summary judgment, holding that the city was neither required to seek grant funding nor was it required to convene an equalization board to hear objections. The trial court again held that the city's actions "were reasonable and an enhancement of the property." The Abrams and Hassel have not challenged the trial court's dismissal of the claims against the auditor and the treasurer. Thus, this opinion addresses only the plaintiffs' claims against the city.

## SUMMARY JUDGMENT

{¶ 5} Each of the landowners' assignments of error is that the trial court incorrectly granted the city summary judgment because there are genuine issues of material fact that remain to be litigated. In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d

826, 829, 586 N.E.2d 1121. The landowners' assignments of error have been rearranged for ease of review.

## EQUALIZATION BOARD

{¶ 6} The landowners' second assignment of error is that there is a genuine issue of material fact regarding whether the city breached a statutory duty to convene an equalization board to hear their objections to the assessments. The landowners' argument focuses on R.C. 727.16. That section provides that "[a] municipal corporation shall appoint an assessment equalization board" if a landowner objects to the amount or apportionment of an assessment. The landowners have also argued that the introduction to R.C. 729.01 "clearly indicates" that the provisions of R.C. Chapter 727 also apply to assessments for sidewalk construction.

{¶ 7} The Ohio General Assembly has conferred on municipal corporations a "special power to levy and collect special assessments." R.C. 727.01. Thus, cities may levy assessments on private property to defray the cost of public improvements. Id. The code contains a general assessment procedure applicable to many diverse projects. See R.C. 727.12 et seq. It also contains a more limited procedure applicable to projects involving sidewalks, curbs, or gutters. See R.C. 729.01 et seq.

{¶ 8} The landowners cite R.C. 727.16 to support their argument that an equalization board was required to hear their objections to the assessments in this case. See R.C. 727.16, 727.17, and 727.23 (providing that a municipal corporation that has passed a resolution of necessity and estimated assessments for a public improvement shall appoint an assessment equalization board to hear objections and must review the board's report and accept it before moving forward with the construction project). The city of Avon Lake, however, did not levy the assessments using the procedure outlined in R.C. Chapter 727. The city followed R.C. Chapter 729.

{¶ 9} R.C. Chapter 729 begins by providing an additional power to municipal corporations wishing to construct or repair sidewalks, curbs, or gutters. "In addition to the power conferred upon municipal corporations under section 727.01 of the Revised Code to construct sidewalks, curbs, or gutters and levy an assessment therefor, the legislative authority of a municipal corporation may require the construction or repair of sidewalks, curbs, or gutters * * * by the owners of lots or lands abutting thereon, and upon the failure of such owners to construct or repair [them] within the time prescribed in the resolution * * * may cause [them] to be constructed or repaired and assess the total cost thereof" to the landowners. R.C. 729.01.

■ {¶ 10} The R.C. Chapter 729 assessment procedure differs from the R.C. Chapter 727 procedure in several respects. Importantly, R.C. Chapter 729 does not include an assessment equalization board to hear objections. See R.C. 729.09 (providing the "legislative authority" of the city, rather than an equalization board, "shall review the written objections"). Furthermore, the Ohio General Assembly chose not to include R.C. 727.16, mandating an equalization board, when it determined that certain sections of R.C. Chapter 727 should be applicable to assessment proceedings under R.C. Chapter 729. R.C. 729.10 ("The provisions of sections 727.26 to 727.43, inclusive * * * shall apply to and govern the [R.C. Chapter 729] proceedings"). Thus, assessment proceedings under R.C. Chapter 729 do not require an equalization board to review objections. See *Grossenbacher v. Strasburg*, 5th Dist. No. 2006AP070040, 2007-Ohio-1633, 2007 WL 1039556, at ¶ 25.

{¶ 11} The city of Avon Lake had no duty to appoint an assessment equalization board to review the landowners' objections before issuing final assessments under R.C. Chapter 729. The landowners' second assignment of error is overruled.

## DUTY TO PURSUE ALTERNATIVE FUNDING

■ {¶ 12} The landowners' third assignment of error is that the city breached a fiduciary duty by failing to pursue federal and state grants that may have funded the project. The city of Avon Lake has argued that there is no duty for cities to apply for grant funding before levying assessments on private property to fund public improvements. The city has also submitted the affidavit of the city's engineering department manager, who testified that the city "is constantly in pursuit of funding and grants for [ ] projects" and that it was unaware of any applicable funding for this sidewalk project.

{¶ 13} The landowners have not argued that the Ohio Revised Code includes a requirement that a city must apply for funding before levying assessments on private property. In fact, R.C. 729.01 specifically provides that municipal corporations "may require" a landowner to construct a sidewalk within a certain period of time and, if he fails to meet the deadline, the city may "assess the total cost" to the landowner. The landowners have cited authority for the proposition that any amounts received for the project from county, state, or federal sources must be deducted from the "total cost" assessed to landowners, but have not cited any authority for the proposition that cities must first apply for such aid before resorting to the statutory assessment procedures. See *Ninth St. Community Paving Project Commt. v. Ironton* (1986), 22 Ohio St.3d 25, 30–31, 22 OBR 21, 488 N.E.2d 204. The landowners have also cited cases for the proposition that a public office is a public trust and public officials owe a fiduciary duty to citizens.

See *State v. McKelvey* (1967), 12 Ohio St.2d 92, 95, 41 O.O.2d 372, 232 N.E.2d 391 ("It would be a violation of [an official's fiduciary] duty to the citizens of the state for [him] to use his public office for private gain"). They have not, however, cited any authority for the proposition that the fiduciary duty of public officials extends to requiring a city to apply for outside funding before utilizing the special assessment procedure of R.C. Chapter 729. This court will not extend the law in this manner to create an additional hurdle for municipal corporations wishing to avail themselves of the assessment procedures of the Revised Code. The landowners' third assignment of error is overruled.

## VALIDITY OF ASSESSMENTS

{¶ 14} The landowners' first assignment of error is that there is a genuine issue of material fact regarding whether the assessments are unconstitutional because they exceed the amount of any special benefit to the landowners. "If an assessment is levied which is greater than the special benefits conferred, it constitutes, as to the excess, an unjust taking of private property for public use without compensation." *St. Mark Lutheran Church v. Brunswick* (Apr. 29, 1981), 9th Dist. No. 1016, 1981 WL 3963, at *3, citing *Chamberlain v. Cleveland* (1878), 34 Ohio St. 551, 561–562. The special benefit of the improvement is the enhancement in the value of the property and is limited to the benefit that accrues to the landowner rather than to the public or the rest of the community. *Schiff v. Columbus* (1967), 9 Ohio St.2d 31, 38 O.O.2d 94, 223 N.E.2d 54, at paragraph four of the syllabus.

{¶ 15} "[L]egislative determinations for [public] improvements and the procedures for * * * assessments may be presumed to be valid until a showing is made to the contrary." *Wolfe v. Avon* (1984), 11 Ohio St.3d 81, 82–83, 11 OBR 324, 463 N.E.2d 1251. In order to obtain an injunction against a special assessment, the lot owner has "the burden of proving that the lot was not enhanced in value as a result of the improvement in an amount equal to the amount of the assessment." *Schiff*, 9 Ohio St.2d 31, 38 O.O.2d 94, 223 N.E.2d 54, at paragraph five of the syllabus.

{¶ 16} The Abrams and Hassel have submitted their own affidavits on the question of whether the sidewalk resulted in any special benefit for them. By affidavit, Mr. Abram has testified that he served as a councilman for the city of Avon Lake for 12 years, beginning in the late 1970s, and has lived on the relevant property for 27 years. Based on his familiarity with the city of Avon Lake and his property in particular, Mr. Abram testified that he will not obtain any special benefit from the new sidewalk because it stops at the railroad tracks, it is too close to a service garage and the railroad tracks, and the placement of the sidewalk significantly reduces his front yard so that his house is now 20 feet from

the sidewalk. By affidavit, Hassel testified that she has lived on her property for 35 years. Based on her familiarity with her property and the surrounding neighborhood, Hassel testified that the sidewalk project did not enhance her property value for the same reasons.

{¶ 17} In response, the city has argued that the landowners' "self-serving, speculative affidavits" are not sufficient to overcome the presumption of validity of the city's actions. The city has offered the affidavit of Joseph R. Reitz, the manager of its engineering department. Mr. Reitz said that the sidewalks gave the residents "the ability to walk and exercise safely on * * * [a] busy state route" and "provided the residents * * * walking access to Avon Lake Towne Center which has shopping, dining and entertainment."

{¶ 18} The city has argued that the affidavits of the landowners are insufficient to overcome the presumption of validity of the assessments because they are based on lay witness opinion and did not contain testimony regarding the specific fair-market value of the properties before and after the improvement. The city has acknowledged in its brief, however, that under Ohio law, landowners are competent to testify about the value of their own land. *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 347, 513 N.E.2d 737. Furthermore, this court has held that "[i]n demonstrating the enhancement in value of * * * property, dollar values, including fair market value appraisals, are not essential." *Ashbar Ents. v. Akron* (Sept. 26, 2001), 9th Dist. No. 20467, 2001 WL 1142354, at *3

{¶ 19} Affidavits must be "made on personal knowledge" and must "set forth such facts as would be admissible in evidence." Civ.R. 56(E); *Jones v. H. & T. Ents.* (1993), 88 Ohio App.3d 384, 389–390, 623 N.E.2d 1329. "Even when an affidavit is sworn by the moving party * * * this Court will not automatically reject it as self-serving." *Lovejoy v. EMH Regional Med. Ctr.*, 9th Dist. No. 07CA009145, 2008-Ohio-3205, 2008 WL 2582999, ¶ 5. Instead, the affidavit must be considered in light of Civ.R. 56 "to determine whether it demonstrates issues of fact that are both genuine and material to the case at hand." Id., citing *Stone v. Cazeau*, 9th Dist. No. 07CA009164, 2007-Ohio-6213, 2007 WL 4146777, at ¶ 16 ("A nonmoving party may defeat a properly supported motion for summary judgment with his own affidavit that demonstrates the existence of genuine issues of material fact"). Summary judgment will be granted only if "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion * * * is made." Civ.R. 56(C). Construing the evidence in the best possible light for the landowners, this court must determine whether a fact-finder could reasonably find in the landowners' favor.

{¶ 20} This case is similar to *Wolfe v. Avon* (1984), 11 Ohio St.3d 81, 11 OBR 324, 463 N.E.2d 1251, a case in which a landowner contested a special assessment funding the installation of a water main on his property. The city presented

evidence that the improvement would increase water pressure for fire protection and supply water for other needs, thus enhancing the value of the property. In rebuttal, the landowner testified that he had a well that had produced sufficient water for his needs for 40 years, including fire protection, evidenced by the fact that the city had placed a firehose connection at his well. The trial court granted the city summary judgment, and this court affirmed. The Ohio Supreme Court reversed, noting that "[p]erhaps upon a hearing on the merits of this matter the [landowner] may not be able to prove that his property has not been enhanced in value through the installation of this [public improvement]; however, at the summary judgment stage of the proceeding he has at least raised some reasonable question as to such enhancement." Id. at 84, 11 OBR 324, 463 N.E.2d 1251. Despite the presumption in favor of the city, "[t]he evidence submitted by the [landowner] must be given weight." Id.; see also *Martino v. Sidney* (2000), 140 Ohio App.3d 340, 345, 747 N.E.2d 328 (in which the Third District Court of Appeals held that the cost of a sidewalk outweighed any benefit to a landowner because the sidewalk would be very close to the house and would necessitate removal of shrubs that could have provided some privacy).

{¶ 21} Although the landowner in *Wolfe* submitted an affidavit from an expert in addition to his own affidavit, he was not required to do so. As landowners are competent to testify regarding the value of their own land, it is up to the fact finder to determine the weight of the testimony. See *Smith v. Padgett* (1987), 32 Ohio St.3d 344, 348, 513 N.E.2d 737. The opinions offered by the landowners in this case were sufficiently specific to raise a genuine issue of material fact as to whether the assessments exceeded the value of the special benefit conferred by the project.

{¶ 22} Viewing all of the evidence in favor of the landowners, as is required at this stage of the proceedings, the trial court should not have granted summary judgment. A reasonable fact-finder could have determined that the assessments exceeded the value of any special benefit the sidewalk conferred on the landowners. Accordingly, the landowners' first assignment of error is sustained.

## CONCLUSION

{¶ 23} A genuine issue of material fact exists regarding whether the assessments exceeded the special benefits of the sidewalk to the landowners. Therefore, the judgment of the Lorain County Common Pleas Court is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

MOORE, P.J., concurs.

SLABY, J., dissents.

SLABY, Judge, dissenting.

{¶ 24} I respectfully dissent. The majority correctly notes that a property owner may testify as to the value of his or her property. In this case, however, the property owners did not do so. Instead, they merely stated that the value of the property was not enhanced by the sidewalks and the sidewalks did not provide a benefit to them. Accordingly, I would hold that the property owners did not meet their burden on summary judgment and provide evidence of the value of their lots vis-à-vis the new sidewalk as required by *Wolfe,* 11 Ohio St.3d 81, 84, 11 OBR 324, 463 N.E.2d 1251. I would affirm the judgment of the trial court.