DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the City of Akron ("Akron"), appeals the decision of the Summit County Court of Common Pleas. We affirm.
Ashbar Enterprises ("Ashbar") owns real property located at 2420/2424 Gilchrist Road in the City of Akron, County of Summit, State of Ohio. Ashbar's property was situated on a steep slope with the high side in the front of the property facing Gilchrist Road and the lower portion in the back of the property. The building on the property was leased by JRB Company and was used as office space in the front of the building and a machine shop in the rear.
In January 1999, the Akron City Council adopted a resolution ("Resolution No. 32-1999") to widen Gilchrist Road. In Resolution No. 32-1999, the Council declared it was necessary to improve certain portions of Gilchrist Road "by paving, grading, draining, reconstructing curbs and concrete sidewalks, constructing driveway approaches, installing roof drain pipes, and reconstructing storm sewers, sanitary sewers, and water mains[.]" According to James McClure, the capital planning manager in Akron's Department of Planning and Urban Development, the Gilchrist Road improvement project sought to improve access from Canton Road to Interstate 76 ("I-76") and to improve traffic flow in the Gilchrist Road area. To accomplish this project, approximately 138 feet of frontage from Ashbar's property was appropriated. Another Ashbar property, located adjacent to the Ashbar property at issue herein, was also appropriated, necessitating the relocation of the majority of lessee JRB Company's employees. In a separate appropriation action, Ashbar was compensated for the appropriation of its property.
Pursuant to Resolution No. 32-1999 and under the authority of R.C. 727.01et seq., a special assessment for the Gilchrist Road improvement project in the amount of $44,616.77 was imposed against Ashbar's property, based upon approximately 270 feet of frontage on Gilchrist Road. Ashbar filed timely objections to the assessment pursuant to R.C. 727.15. An Assessment Equalization Board ("AEB") was appointed to hear Ashbar's objections to the special assessment. After a hearing held on March 12, 1999, the AEB overruled Ashbar's objections to the special assessment for the improvements to Gilchrist Road, apparently finding that the amount of the assessment did not exceed the benefit conferred. Subsequently, the Akron City Council accepted the recommendation of the AEB.
Ashbar appealed the ruling of the AEB to the Summit County Court of Common Pleas, pursuant to R.C. 2506.01 et seq. In a decision journalized on January 26, 2001, the common pleas court held that the Akron City Council's decision was "unsupported by the preponderance of substantial, reliable and probative evidence on the whole record" and that the assessment exceeded "the special benefit conferred upon the Ashbar property by an amount equal to $44,616.77 less the statutorily and properly assessable amount for the curbing[.]" Accordingly, the court held that the excess of that amount was an invalid assessment. This appeal followed.
Akron asserts a single assignment of error:
 The Trial Court erred when it found that the decision of the Akron City Council upholding Ashbar's assessment was unsupported by the preponderance of substantial, reliable and probative evidence on the whole record.
In its sole assignment of error, Akron avers that the trial court erred in finding that the Akron City Council's decision to uphold the assessment against Ashbar was unsupported by the preponderance of substantial, reliable, and probative evidence. We disagree.
In an appeal of an administrative decision pursuant to R.C. 2506.01 etseq., the scope of review by the court of common pleas is delineated by R.C. 2506.04. Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612.
 The [common pleas] court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
R.C. 2506.04. Therefore, "[t]he common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C.2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147.
"The court of common pleas' decision may then be appealed to an appellate court `on questions of law as provided in the Rules of Appellate Procedure.'" (Emphasis original.) Smith, 81 Ohio St.3d at 613, citing R.C. 2506.04. The appellate court's standard of review is, therefore, even more limited in scope. Henley, 90 Ohio St.3d at 147.
 "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires the court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence."
Smith, 81 Ohio St.3d at 613, quoting Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. Accordingly, an appellate court's review under R.C. 2506.04, "`does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'" Henley, 90 Ohio St.3d at 147, quoting Kisil, 12 Ohio St.3d at 34, fn. 4.
"A property owner who alleges that his property should not be subject to a special assessment to pay the cost of a public improvement has the burden of proving that his property received no special benefit from the improvement." Smith v. Avon (Nov. 22, 2000), Lorain App. No. 99CA007319, unreported, at 3, citing Schiff v. Columbus (1967), 9 Ohio St.2d 31,38-39. The property owner must meet this burden by clear and convincing evidence. Smith, supra, at 3.
In Schiff, the Ohio Supreme Court addressed what constituted a special benefit and held that
 [t]he enhancement in the value of property that results from a public improvement is the special benefit that will support an assessment against that property to pay for the improvement. Such enhancement in value of such property is a benefit to its owner that accrues to him and not to the public or to the rest of the community.
Schiff, 9 Ohio St.2d at paragraph four of the syllabus. In demonstrating the enhancement in value of the property, dollar values, including fair market value appraisals, are not essential. Stewart v. Bay Village
(1990), 69 Ohio App.3d 817, 820. Significantly, the assessment may not exceed the special benefits conferred upon the assessed property.Schiff, 9 Ohio St.2d at paragraph five of the syllabus, 38; Chamberlainv. Cleveland (1878), 34 Ohio St. 551, paragraph one of the syllabus, 561. If the assessment substantially exceeds the special benefits conferred upon the property, the common pleas court may then determine the appropriate amount to be assessed. Holding Corp. of Ohio v. Dublin
(1994), 94 Ohio App.3d 756, 761, citing Walsh v. Sims (1901),65 Ohio St. 211, paragraph one of the syllabus.
In the present case, the common pleas court found that the only special benefit conferred upon Ashbar's property was the installation of curbing and ordered the adjustment of the assessment accordingly. Akron argues that the trial court erred in its determination because Ashbar did, in fact, receive a special benefit beyond the new curbing. Specifically, Akron contends that the improved flow of traffic in the Gilchrist Road area will attract more customers to that area, thereby specially benefiting local commercial enterprises such as Ashbar. Akron also avers that Ashbar was compensated for the taking of over one-hundred feet of frontage in a separate appropriation action, and therefore, "Ashbar should not be permitted to get a second bite at the apple" by having the assessment reduced. We find, however, that the trial court did not err in holding that the assessment against Ashbar exceeded the benefit conferred, and thus, the Akron City Council's decision was unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.
Ashbar adduced evidence tending to show that Ashbar did not receive any special benefit from the Gilchrist Road improvement project aside from the newly installed curbing. Ashbar provided evidence that, following the construction of the improvement project, it began experiencing problems with water and sewer drainage, because the axle connection had been terminated. Additionally, Ashbar adduced evidence that it is unable to gain a benefit from the increased traffic flow beyond any benefit conferred upon the general public. The Ashbar property housed a machine shop and some office space. Due to the road improvement project, Ashbar lost its parking lot in the front of the building, including the parking spaces which were well-suited for handicapped individuals. Ashbar's remaining parking lot is located at the rear of the building, which topographically is approximately twenty feet below the front of the building. As Ashbar's former driveway approach had to be re-located, the amount of parking at the rear of the building was substantially reduced, leaving Ashbar with an inadequate amount of parking space for its business needs. Moreover, as a result of these changes and the topography of the property, Ashbar related that it would experience great difficulty creating handicap access to the building. In addition, the front door would become virtually unusable, as there was no viable access from the rear parking lot.
Based on the foregoing, Ashbar presented evidence tending to show that the improvement project, which improved the flow of traffic in the Gilchrist Road area, did not enhance the value of Ashbar's property, and therefore, did not specially benefit that property. See Schiff, 9 Ohio St.2d at paragraph four of the syllabus. After thoroughly reviewing the record and being cognizant of our limited standard of review under R.C.2506.04, we cannot conclude that the trial court erred when it held that the Akron City Council's decision approving the $44,616.77 assessment was unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record. Accordingly, Akron's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., CARR, J. CONCUR.